B. KEENAN & SON, INC., Respondent, v. H. W. JOHNS-MAN-
VILLE COMPANY, Appellant.

First Department, July 11, 1918.

**Contract — action for breach of contract by defendant in failing to
furnish cars upon which plaintiff had agreed to load machinery —
elements of damage — evidence.**

Where the plaintiff, a corporation engaged in the business of trucking and
moving, alleged that the defendant failed to furnish cars at a certain
point as it had agreed to do to the damage of the plaintiff, it was reversible
error to permit the plaintiff to prove as an element of damage the total
expense that it was put to in the performance of the contract after the
date upon which the work would have been completed except for the
delay caused by defendant's failure to furnish the necessary cars.

If the defendant neglected to furnish the necessary cars plaintiff may prove
direct damages sustained. It may show expense of maintaining its
force of men and trucks during the period of delay, additional expense
caused by being forced to unload trucks and rehandle the goods when cars
were finally furnished, extra insurance which it was compelled to carry
during the period of delay, and perhaps interest upon capital invested.

APPEAL by the defendant, H. W. Johns-Manville Company,
from a judgment of the Supreme Court in favor of the plaintiff,
entered in the office of the clerk of the county of New York
on the 2d day of November, 1917, upon the verdict of a jury,
and also from an order entered in said clerk's office on the 5th
day of November, 1917, denying defendant's motion for a new
trial made upon the minutes.

*Robert B. Honeyman* of counsel [*A. Parker Smith*, attorney],
for the appellant.

*Leo J. Curren,* for the respondent.

MERRELL, J.:

Plaintiff in its complaint alleges that it is a domestic cor-
poration engaged in the business of truckmen, riggers and
movers, and for a first cause of action alleges that on or about
January 3, 1916, plaintiff and defendant entered into a con-
tract whereby plaintiff was to move certain paper mill
machinery and other property of the defendant from a building
then occupied by defendant at the foot of Thirty-ninth street,

in the borough of Brooklyn, to the Bush Terminal Company, in Brooklyn, for the agreed price of $650; that in and by said contract the plaintiff was to take apart all machinery under the direction of defendant, and that defendant was to provide all necessary cars at the Bush Terminal for loading the same, so that there might be no delay to plaintiff in shipping said property. Plaintiff alleges full performance on its part of the agreement, and that thereby there justly became due to the plaintiff from defendant the sum of $650.

As a second and further cause of action, plaintiff alleges that the defendant failed to furnish the cars at the Bush Terminal, as it had contracted to do, and that thereby plaintiff was compelled to suspend the work it had contracted to perform, and to keep its men idle and to pay additional insurance and lose the use of its capital during said period of delay, all to its damage in the sum of $1,067.50. Attached to plaintiff's complaint is a statement particularizing the items of such claimed damages. Upon the trial, to establish damage under its second cause of action growing out of the alleged delay because of failure of defendant to provide cars, plaintiff was permitted to prove and has recovered for work actually done in performance of the contract, and also for work which would not have been required had defendant furnished cars and thereby enabled plaintiff to prosecute the work with expedition.

For a third cause of action, plaintiff claims an indebtedness on the part of the defendant to it for removing certain machinery which had been placed upon a gondola car furnished at the Bush Terminal at the instance of defendant, to a box car, which removal plaintiff asserts was at the request of the defendant and was extra work for which it should receive $175.

For a fourth cause of action, plaintiff alleges that at the special instance and request of the defendant it loaned to the latter certain of its men to assist in the removal of a fly-wheel from a portion of the machinery, and that thereby the defendant became obligated to pay plaintiff for the use of such men the sum of twenty-five dollars.

Summed up, the entire damage claimed by plaintiff amounts to $1,917.50.

For answer, defendant denies that it occasioned any such delay as is claimed by plaintiff; disputes plaintiff's theory of damage; denies the performance of any extra work by plaintiff at defendant's request; and, as counterclaim, alleges damage to its machinery in the sum of $1,350, arising from rough handling and improper loading of the same. Deducting the conceded contract price of $650, defendant demands judgment under its counterclaim for $700 damage.

The action was tried and submitted to the jury under instructions of the court in line with the contention of plaintiff as to the measure of damages. A verdict was rendered finding for the plaintiff upon each count of the complaint. Upon the first count, $650, with interest, amounting to $714.81; upon the second count, $700; upon the third count, $120, and upon the fourth count, $20; in all, $1,554.81. It also found that defendant had suffered damage by reason of the improper performance of the contract by plaintiff in the sum of $63, which the jury deducted from the amount found plaintiff's due, leaving a balance of $1,491.81, for which the jury returned a verdict in favor of the plaintiff and against defendant. We think the evidence was insufficient to support a recovery upon plaintiff's second alleged cause of action.

The contract upon which plaintiff claims was in writing, and is expressed in a letter from plaintiff to defendant. In this letter plaintiff states: " It is understood and agreed that you are to provide the necessary cars, so that there will be no delay in shipping the above material."

Work upon the removal of this machinery began Wednesday, January 19, 1916, on which date plaintiff claims to have sent men to commence taking down the machinery. Three or four days were consumed in this work, and on or about the last of those days plaintiff sent a truck which was stationed alongside the building and upon which was arranged a rigging and windlass to be used in lowering the machinery to trucks for its transportation from the factory to the Bush Terminal.

Plaintiff claims it stopped work on February third, and was unable to resume until the tenth of that month, at which time work was resumed and continued " fairly constantly right along " until March third, when the job was completed.

Plaintiff's claim is that it stopped work on February third because of the fact that defendant had not furnished cars upon which to load the machinery, and that the Bush Terminal would not permit the unloading of the machinery in its yard awaiting the loading upon cars.

The question involved on this appeal is as to the manner of proving damages, assuming defendant failed to keep its agreement to furnish the necessary cars upon which to load the machinery. It seems to me that the measure of damages adopted was erroneous. The plaintiff had a very simple and logical way of establishing its damages upon proof of a breach of the contract. If the defendant neglected to furnish the necessary cars to enable plaintiff to expeditiously perform its contract, plaintiff could have proven direct damages which it sustained by reason of being delayed. It might have shown the expense it was put to by reason of maintaining, during the period of delay, its force of men and trucks. It might have shown additional expense caused by being forced to unload its trucks at the Bush Terminal yards and rehandle the goods when they were finally loaded upon cars when furnished. An element of its damage might have arisen from extra insurance which it was compelled to carry during the period of delay, and, perhaps, interest upon capital invested. These elements of damage would have been entirely proper, and would have flowed logically from the breach of the contract by defendant, if there was any such breach. The plaintiff insisted, however, and was permitted by the trial court to give evidence, as to the total expense that it was put to in the performance of the contract after February tenth, the date upon which plaintiff's proof showed the work would have been completed, except for the delay caused by defendant's failure to furnish the necessary cars. The court permitted plaintiff to present testimony as to the time it would take to transport the machinery and property under favorable conditions and to place it upon the cars, which plaintiff established would be twenty days. The court then permitted the inquiry as to whether all of the rest of the time exceeding the twenty days which would be required to do the job if cars were furnished, was delay for which the defendant was responsible. The charge of the plaintiff for its trucks and

men, for the excess period over the twenty days in actually doing the work was submitted to the jury as proper evidence on the question of damage. I think such theory of the damages sustained by the plaintiff was erroneous. It does not seem to me within the power of any witness to furnish accurate testimony as to the length of time that would be required to perform the work, and that damages based upon excess time were improperly awarded.

The judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event, unless the plaintiff stipulates to reduce the verdict by the sum of $700, in which event the judgment as so reduced and the order appealed from are affirmed, without costs.

DOWLING, SMITH, PAGE and SHEARN, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event, unless plaintiff stipulates to reduce verdict by $700, in which event the judgment as so modified affirmed, without costs. Order to be settled on notice.