■ KEC CORP., Appellant, v. FULTON-MONTGOMERY COMMUNITY COLLEGE et al., Respondents.— Appeal from a judgment of the Supreme Court, entered April 6, 1973 in Fulton County, which dismissed plaintiff's second, third, fourth and fifth causes of action following a trial without a jury. In the instant case the plaintiff seeks to recover contract damages which allegedly resulted from a contract entered into on April 25, 1967 under which plaintiff agreed to do the electrical work on the construction of the Fulton-Montgomery Community College. The trial court, after a full trial, found that plaintiff had established no basis for recovery on the second, third and fourth causes of action in plaintiff's complaint and had not adequately established its damages on its fifth cause of action. It therefore denied plaintiff recovery on all the causes of action in issue and the instant appeal ensued. We concur in the trial court's findings of fact and construction of the various interrelated contracts involved in this case and thus, the denial of recovery on the second, third and fourth causes of action must be affirmed. The construction which plaintiff would have us give to the contracts in issue is clearly strained and thus untenable. As to the fifth cause of action which alleges damages for defendants' failure to adequately co-ordinate the work, we also agree with the trial court that plaintiff has not adequately established the damages asserted. The trial court's rejection of plaintiff's attempt to establish such damages by estimating the cost of installing the wire if it could have been laid exposed against its actual costs of laying it unexposed is both factually and legally correct (*Degnon Contracting Co.* v. *City of New York*, 202 App. Div. 390, mod. on other grounds 235 N. Y. 481; *Uvalde Asphalt Paving Co.* v. *City of New York*, 196 App. Div. 740; *Keenan & Son* v. *Johns-Manville Co.*, 184 App. Div. 98). Accordingly, the judgment of the trial court should be affirmed. Judgment affirmed, with costs. Staley, Jr., J. P., Greenblott, Sweeney, Main and Reynolds, JJ., concur.