DEGNON CONTRACTING COMPANY, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

**Municipal corporations — New York (city of) — action to recover damages caused subway contractor by failure of city to furnish plans so as to permit the contract to be expeditiously and economically performed — when contractor has transferred and assigned contract to sub-contractor who agreed to do the work for a percentage of the contract price, the contractor retaining the remainder, such contractor cannot maintain action for the increased cost of doing the work — by-passing, or temporary removal, of gas mains from space being excavated by subway — when contractor entitled to recover for such extra work, under the contract, notwithstanding city engineer refused to order the work done.**

1. Plaintiff, a contracting corporation, which had a contract with the city of New York for the construction of a subway, sublet the contract to another firm under an agreement whereby the sub-contractor agreed to do the work and fulfill and perform all of the promises, agreement, obligations and liabilities assumed or undertaken by plaintiff under its contract with the city. For doing this the sub-contractor was to receive a certain percentage of the amounts which should become payable to plaintiff under its contract with the city, the remainder to be retained by the plaintiff. The work of constructing the subway was delayed and made more expensive by the failure of the city to furnish plans so as to permit the contracts expeditiously and economically to be performed whereby the excavation for the subway was made more difficult and more expensive. The plaintiff brings this action for damages for the increased cost of constructing

31

the subway. Under the circumstances plaintiff is not entitled to recover. The neglect to furnish the plans in question, if it did result in increased cost of the work, did not make the slightest difference to plaintiff. Its sub-contractor, or assignee, had absolutely and fully taken over from it the performance of the contract and there is no question that it fulfilled its agreement. The plaintiff had only to collect the amounts due from the city under its contract and to pay ninety-two per cent thereof to the sub-contractor. No matter how much more expensive the work was made for the latter, the portion due to the plaintiff remained constant and was not in any manner varied or affected by the breach of the city. It suffered no damages and is entitled to recover none.

2. The contract between plaintiff and the city required excavation through the whole width of the streets and that the surface of the street should be decked over with planks so as to permit the continuance of travel. Underneath this decking and close to it were two large high pressure gas mains which it would have been highly dangerous and grossly negligent for the contractor to have left there while the work was going on. This condition caused the necessity for by-passing such mains by placing temporary pipes to take their place, such work to be paid for at prices stipulated in the contract. The chief engineer, notwithstanding this necessity and the provisions of the contract, refused to order such by-passing but plaintiff's sub-contractor did this work and plaintiff demands, as a second cause of action, the cost of doing the work. Under and by reason of the contract between the city and the plaintiff, the plaintiff not only is the proper party to maintain this cause of action but it has a legal interest in the recovery under the arrangement between it and the sub-contractor. Plaintiff was entitled to recover the amount awarded by the jury for such by-passing, the evidence warranting the jury in finding that it was necessary. The fact that the contract provided that it should be directed by the engineer for the city, who refused or failed so to do, does not preclude the recovery, when the jury has found that the work was necessary and done in good faith.

*Degnon Contracting Co.* v. *City of New York,* 202 App. Div. 390, modified.

(Argued March 12, 1923; decided April 17, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 3, 1922, reversing a judgment in favor of plaintiff entered upon a verdict and granting a new trial.

*Herman Aaron* and *Charles A. Baker* for appellant. Plaintiff is not precluded from recovering by reason of the fact that it made a contract with Carpenter & Boxley with respect to the work. (*Merrick* v. *Brainard,* 38 Barb. 574; *Merrick* v. *Van Santvoord,* 34 N. Y. 208; *Carpenter* v. *Eastern Trans. Co.,* 71 N. Y. 574; *Allen* v. *United Traction Co.,* 91 Misc. Rep. 531; *Monticello* v. *Mollison,* 58 U. S. 68; *Goepel* v. *Kurtz Action Co.,* 179 App. Div. 687; *Hirsch* v. *Press Pub. Co.,* 141 App. Div. 357; *Wetter* v. *Kleinert,* 139 App. Div. 220; *Hunt* v. *United States,* 257 U. S. 125.)

*Edward M. Grout, Abram I. Elkus, Franklin Nevins, Alfred C. Petté* and *Asa B. Kellogg* for Booth & Flinn, Ltd., et al., *amici curiæ.*

*George P. Nicholson, Corporation Counsel (John F. O'Brien, Elliot S. Benedict* and *James A. Donnelly* of counsel), for respondent. No proof exists that appellant suffered any damage. On the contrary, the irresistible inference is that appellant has lost and will lose nothing. (*Dunn* v. *Uvalde A. P. Co.,* 175 N. Y. 214; *City of New York* v. *Selden,* 255 Fed. Rep. 317.)

Hiscock, Ch. J.  Plaintiff entered into contracts with the defendant for the construction of two sections of subway in the city of Brooklyn.  After the completion of its contracts it brought against the city this suit with seven causes of action and of which all but three may be disregarded on this appeal.  Under one cause of action it recovered a judgment for $153,553 damages claimed to have been caused through the failure of the city to furnish plans so as to permit the contracts expeditiously and economically to be performed.  Under two causes of action it recovered judgment for $37,715.70 for work claimed to have been performed under the terms of its contracts and not paid for.  The judgment including both of these sums was reversed by the Appellate Division as

a matter of law and thereby are presented the questions which we are to consider.

The decision of these questions requires the statement of only a few of the details of the contracts involved. Under the Rapid Transit Act these were executed in behalf of and in the name of the city by the Public Service Commission and this body largely acted in behalf of the city in superintending their execution. Amongst other things the defendant by the contracts thus executed undertook to furnish certain plans for the steel work through engineers whom the Public Service Commission solely appointed and controlled and through the fault of one or more of these in refusing or failing to furnish the plans in question the performance of the work was delayed and the large item of damages above stated incurred.

Plaintiff, however, did not itself perform the work necessary in the execution of these contracts. It made with a firm of Carpenter & Boxley an agreement whereby the latter agreed to " faithfully fulfill and perform each and every of the promises, agreements, obligations and liabilities assumed or undertaken by or devolving upon the Degnon Company in, by or under the * * * agreement (with the city)," and it was provided that " in full satisfaction and compensation for the faithful performance and discharge of all matters and things assumed and undertaken by the contractors herein [Carpenter & Boxley] the contractors shall receive from the Degnon Company 92% of each and every of the amounts which shall become payable to the Degnon Company under and pursuant to the agreement with the City of New York as hereinabove mentioned by reason of work done by the contractors and as and when such payments are made by the City of New York to the Degnon Company," with certain immaterial exceptions.

The contracts with the city required excavation through the whole width of the street and that the surface of the

street should be decked over with planks so as to permit the continuance of travel.   Under this decking and close to it were two large high pressure gas mains and the evidence abundantly permitted the jury to find that it would have been highly dangerous and grossly negligent for the contractor to have left these mains in action while the work was going on.   As a result of these conditions temporary pipes were laid for the purpose of maintaining the gas service and this work constituted the "by-passing" for which the contractor secured a recovery in the trial court, now set aside by the Appellate Division. The contract contained two provisions which it is contended by the respective parties had special relation to this work and to the right of recovery therefor.   Section 59 of the contract provided that the contractor should at all times by suitable bridging and supports "maintain and support in an entirely safe condition for the usual service and to the reasonable satisfaction of the owners all surface, subsurface and overhead structures and appurtenances encountered or affected during the prosecution of his work," and that such structures and appurtenances should be protected from injury and that this should be done at the contractor's own expense and included in the prices stipulated in the schedule for excavation except as otherwise specifically provided.

Section 52 provided: " Wherever the excavations are decked all gas pipes whose services cannot temporarily be dispensed with shall be by-passed, if directed by the Engineer; temporary pipes to take their place being laid either upon or below the street or sidewalk surfaces. These temporary by-passing pipes will be paid for at the prices stipulated in " a certain schedule of the contract.

Notwithstanding the necessity which the jury were entitled to find arose for by-passing these gas pipes the chief engineer refused to order such operation, writing to the plaintiff, " It is not my intention to order these gas mains by-passed and for that reason I have

written both of these companies that the contractor is obligated under his contract for these sections to care for and maintain all mains found in the street. If it is the opinion of the gas companies that these mains should be by-passed it is suggested that they confer with you [the contractor] and it was also suggested that your method of prosecuting this work might meet with their ideas as to the care these mains should receive."

These facts sufficiently present the questions which we are to determine.

We agree with the Appellate Division that this plaintiff was not entitled to recover for the increased cost and expense of executing the contracts in question because of the failure of the engineer of the Public Service Commission to furnish plans as provided in the agreement. We hold this conclusion even though we assume, without deciding it, that the city was liable for damages caused by the neglect of an engineer in the employ and under the control of the Public Service Commission which had executed in its behalf the contract in question. It would seem to be axiomatic that a suitor cannot recover damages for breach of a contract unless he has suffered them. The neglect to furnish the plans in question if it did indeed result in increased cost of the work did not make the slightest difference to this plaintiff. Its subcontractor or assignee had absolutely and fully taken over from it the performance of the contract and there is no question that it fulfilled its agreement. No matter what increased cost may have been caused to this subcontractor the position of the plaintiff was not in any respect changed. Its duty was to collect the amounts due from the city under the contract, and which undisputedly it has done except for the item hereafter to be discussed, and to pay ninety-two per cent thereof to the subcontractor. No matter how much more expensive the work was made for the latter the portion due to the plaintiff remained constant and was not in any manner varied or affected by

the breach of the city. It suffered no damages and is entitled to recover none.

We assume that some arrangement might have been made between the plaintiff and its subcontractor which would have made the former liable over to the latter for any increased cost and responsible for the enforcement against the city for the benefit of its subcontractor of any liability arising through breach of contract. It is, however, sufficient to answer this suggestion simply by saying that no such obligation was undertaken and the many authorities which are cited which might sustain it if it had been assumed are not applicable. The case of *City of New York* v. *Selden* (255 Fed. Rep. 317) seems to be largely applicable to the present situation.

The claim for extra compensation for by-passing, however, stands upon an entirely different basis and if any sum is recoverable therefor the plaintiff is entitled to maintain an action for it. This sum, if it is payable is due under and by reason of the contract between the city and the plaintiff and the plaintiff not only is the proper party to maintain the action but it has a legal interest in the recovery under the arrangement between it and Carpenter & Boxley. This is conceded by the defendant.

We think that plaintiff was entitled to recover the amount which was awarded for the by-passing. As we have stated, the evidence amply warranted the jury in finding that it was necessary. The clause which we have quoted concerning by-passing shows that when it was necessary it was not an expense to be borne by the contractor without extra compensation under the general provisions of his contract. The contract contemplated this kind of work and the allowance therefor of appropriate compensation. It is true that as a limitation upon the right of the contractor to do it, it was provided in substance that it must be directed by the engineer. This, however, did not mean that where by-passing was necessary and ought to be ordered by the engineer he might

arbitrarily or perhaps under a false conception of the meaning of the contract refuse to direct the operation and thus throw upon the contractor the expense of work without any adequate compensation. This is precisely what the jury were justified in finding that he did. From some cause or other and without any adequate justification so far as the evidence discloses he refused to recognize the situation which existed and give to the contractor the direction for by-passing to which it was entitled and it has been held too many times to require the citation of authorities that an engineer intrusted with such power cannot arbitrarily refuse to exercise it and give to the contractor the benefit of the certificate to which he is entitled. The question whether the engineer acted justifiably and in good faith or arbitrarily and in bad faith (from a legal standpoint) was not very precisely and satisfactorily submitted to the jury. But considering the entire charge we think the jury understood that this issue was before them and must be assumed to have decided it in favor of plaintiff.

These views lead to the conclusion that the order of the Appellate Division in so far as it reverses the judgment based upon, and grants a new trial of, the seventh cause of action should be affirmed and judgment absolute granted against the plaintiff on its stipulation; otherwise said order should be reversed and the judgment of the Trial Term affirmed, with costs to the appellant in this court and the Appellate Division.

HOGAN, CARDOZO, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur; POUND, J., absent.

Judgment accordingly.