DOLOMITE PRODUCTS COMPANY, INC., Respondent, *v.* THE STATE OF NEW YORK, Appellant.

(Claim No. 24463.)

Fourth Department, December 27, 1939.

*John J. Bennett, Jr., Attorney-General [Leon M. Layden* of counsel; *Joseph I. Butler* and *Thomas J. Reidy* with him on the brief], for the appellant.

*Frederick Wiedman,* for the respondent.

PER CURIAM. Manitou Construction Company entered into a contract with the State of New York to build a portion of a certain

State road. The State accepted the claimant as an assignee of that contract. Before the assignment one Page became a subcontractor for a portion of the work, at the unit prices which the State, by the terms of the contract, agreed to pay to the original contractor. In doing the work Page was required to carry away and waste certain excavated earth, and to "borrow" and bring in extra filling, because the excavated earth was not fit for filling, though the contract provided that it might be so used, and he was informed by the State's engineer in charge of the work that he could not have an extra work order because it was a United States government job and that the contract could not be modified. But the State has had the benefit of the extra work and materials.

Page was never recognized and accepted by the State as a subcontractor. The State at all times looked to the claimant as the party responsible for the work. The claimed quantities of extra fill and waste material carted away are expressly conceded by the State, and though the prices and damages proven by the claimant are not conceded by the State, they are not disputed. In fact the State offered no evidence. Upon this appeal the State makes two claims: (1) That, since claimant's assignor looked over the site of the work before executing the contract, it was bound to know that, regardless of the terms of the contract, soft muck which was excavated could not be used for foundation fill for a highway; and (2) that claimant cannot prosecute the claim for the reason that, thus far, it has paid to Page only what it received from the State for the performance of Page's part of the contract, and that it has no interest in a claim for extra or additional work.

We think the State's claims are both untenable. As to the first contention claimant had a right to rely on the State's contract that the excavated earth could be used as fill. It would be inequitable for the State to compel the contractor to do extra work and not pay for it. (See *Weston* v. *State of New York*, 262 N. Y. 46; *Foundation Co.* v. *State of New York*, 233 id. 177, at p. 188.)

The State's second claim is based on the authority of *Degnon Contracting Co.* v. *City of New York* (235 N. Y. 481). In that case the contractor assigned its interest in the contract to a subcontractor who agreed to do all the work for ninety-seven per cent of the contract price. The original contractor sued defendant for damages for delay in furnishing working plans, and also for the value of certain extra or additional work required to be done by the subcontractor. The court held that, as to the first item of damages, plaintiff had no interest in the recovery, but that as to the second, it had such an interest and could properly sue for the same. In the instant case the damages sued for are for extra or additional work required by the State and we regard the *Degnon* case as an

authority for the claimant. The judgment should be affirmed, with costs.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, TAYLOR and DOWLING, JJ.

Judgment affirmed, with costs.