■ ARDSLEY CONSTRUCTION COMPANY, INC., et al., Appellants, v PORT OF NEW YORK AUTHORITY, Respondent.—Judgment of the Supreme Court, New York County, entered November 1, 1976, by direction of the Trial Justice granting defendant's motion to dismiss the complaint at the close of plaintiffs' case on trial before a jury, unanimously reversed, on the law, vacated and a new trial ordered, with $60 costs and disbursements of this appeal to abide the event. On May 24, 1965, plaintiffs-appellants agreed with defendant, the Port of New York Authority, to perform certain work on the Outer Bridge Crossing in Staten Island. The agreement between plaintiffs, a prime contractor, and defendant provided, *inter alia,* the formula for compensation of plaintiffs in the event extra materials were procured or extra work was performed by a subcontractor. On July 9, 1965, plaintiffs contracted a portion of the job to a subcontractor, incorporating into the subcontract by reference the "General Contract" between plaintiffs and defendant. In the course of the repair work, it became necessary for the subcontractor to perform extra work and provide extra materials in order to complete its job. Thereafter, on October 3, 1966 and November 15, 1966 the subcontractor submitted claims to plaintiffs for these "extras", in the sum of $103,500

under the contract formula for compensation. On January 13, 1967 plaintiffs and the subcontractor entered into a written agreement which, in pertinent part, provided: "In addition, it is understood and agreed that in the event that you [the subcontractor] are not satisfied with the Port of New York Authority's determination or disposition in your claims we [the prime contractor] will permit you to institute appropriate legal action in our name against the Port of New York Authority on said claims, provided, however, that we are not to bear any expense or liability as a result of said litigation. It is also understood and agreed that our only liability on your claims set forth above is to turn over to you any monies that may be recovered from the Port of New York Authority as a result of said claims, and that we have no other liability or responsibility to you by reason of said claims." Because defendant declined payment this suit was instituted. Defendant contends that inasmuch as plaintiffs were unable to demonstrate that they were damaged, this suit for breach of contract could not be maintained. The trial court, relying upon *City of New York v Selden* (255 F 317) and *Degnon Contr. Co. v City of New York* (235 NY 481) agreed with defendant's argument and directed a verdict in favor of defendant at the end of plaintiffs' case. We find the trial court's reliance upon those cases misplaced. The foregoing provision reciting that plaintiffs are relieved of liability or responsibility to the contractor does not constitute a barrier to the lawsuit. Under the subcontract plaintiffs are responsible to the subcontractor for the cost of the extra work and materials and under the prime contract defendant is liable to plaintiffs for these "extras". The agreement between plaintiffs and the subcontractor is nothing more than an acknowledgment by plaintiffs that suit could be brought in their name in the subcontractor's behalf. Such agreement between plaintiffs and the subcontractor with respect to any recovery from defendant affects only the relationship between plaintiffs and the subcontractor and should not be available to defendant as a shield against liability for breach of contract. As aptly stated by Justice Wasservogel in *Cauldwell-Wingate Co. v City of New York* (NYLJ, Nov. 24, 1942, p 1593, col 5), in denying the city's motion for summary judgment: "The plaintiff is authorized under its contract with its subcontractors to present their claims for damages against the defendant. Clause 27 of said contracts gives the plaintiff the right to prosecute these claims after rejection by the City. The fact that this clause conditionally absolves the plaintiff from liability to its subcontractors is no bar to the advancement of the claims in their behalf." The practice of a prime contractor suing for the benefit of his subcontractor is today routinely entertained in the United States Court of Claims and the Boards of Contract Appeals *(Owens-Corning Fiberglas Corp. v United States,* 419 F2d 439, 454-455). In fact, our Court of Appeals in an earlier day recognized the possibility of this development when it observed in *Degnon Contr. Co. v City of New York (supra,* p 487): "We assume that some arrangement might have been made between the plaintiff [prime] and its subcontractor which would have made the former liable over to the latter for any increased cost and responsible for the enforcement against the city for the benefit of its subcontractor of any liability arising through breach of contract." Concur—Birns, J. P., Silverman, Evans, Fein and Sandler, JJ.