PER CURIAM.
Following an earlier opinion in this cause reported in Public Health Trust of Dade County v. M.R. Harrison Construction Corporation, 415 So.2d 756 (Fla. 3d DCA 1982), the controversy proceeded to arbitration and resulted in an award which was confirmed by the circuit court. This appeal ensued.
The appellant urges basically three points for reversal of the confirmation of the award. First, that notwithstanding the contract provisions providing for arbitration, the doctrine of sovereign immunity prevented same; second, that even if the arbitration proceeding was valid, it was not timely invoked by the general contractor; and lastly, that the general contractor could not recover on behalf of the subcontractor. The first point has been answered adversely to the appellant by the recent Supreme Court opinion Pan-Am Tobacco Corporation v. Department of Corrections (Fla.1984), Case No. 63,215, opinion filed March 1, 1984, 9 FLW 73, Rev’g 425 So.2d 1167 (1st DCA 1983). The second point was specifically answered in the earlier opinion in this cause. Lastly, it is clear that a general contractor under a government contract can recover on behalf of subcontractors, United States v. Blair, 321 U.S. 730, 64 S.Ct. 820, 88 L.Ed. 1039 (1944); Owens-Corning Fiberglass Corporation v. United States, 419 F.2d 439 (Ct.Cl.1969); St. Paul Dredging Co. v. State, 259 Minn. 398, 107 N.W.2d 717 (1961); Buckley & Company, Inc. v. State, 140 N.J.Super. 289, 356 A.2d 56 (S.Ct.1975); Ardsley Construction Company, Inc. v. Port of New York Authority, 61 A.D.2d 953, 403 N.Y.S.2d 43 (1978), in fact, in many instances the subcontractors are prevented from bringing a direct action. See & Compare: United States v. Blair, supra; St. Paul Dredging Co. v. State, supra; Buckley & Company, Inc., v. State, supra.
Therefore for the reasons above stated, the order under review is affirmed.
Affirmed.