SECOND DEPARTMENT, OCTOBER, 1987

(October 5, 1987)

■ AMERICAN STANDARD, INC., UNION SWITCH AND SIGNAL DIVISION, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants.—In an action to recover damages for breach of contract, the defendants appeal from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated

February 28, 1986, as denied their motion for partial summary judgment dismissing the third cause of action of the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

A contractor may enter into an agreement with a subcontractor to liquidate any liability that it might have to the latter for delay damages caused by the owner in the amount which could be recovered in a lawsuit brought in the contractor's name against the owner *(see, Lambert Houses Redevelopment Co. v HRH Equity Corp.,* 117 AD2d 227, 231; *Ardsley Constr. Co. v Port of N. Y. Auth.,* 61 AD2d 953, 954). In a case such as this, where an admission of liability by the plaintiff contractor is clearly implicit in the liquidation agreement, suit against the owner may be prosecuted in the contractor's name, even though no damages have been suffered directly by the contractor *(see, Lambert Houses Redevelopment Co. v HRH Equity Corp., supra; Ardsley Constr. Co. v Port of N. Y. Auth., supra; Simmons Co. v United States,* 304 F2d 886, 890; *but cf., Mars Assocs. v New York City Educ. Constr. Fund,* 126 AD2d 178, 192). Moreover, such a suit can be brought in the plaintiff contractor's name even though the subcontractor is made primarily responsible for prosecuting this action and bearing the costs of the litigation *(see, Lambert Houses Redevelopment Co. v HRH Equity Corp., supra; Ardsley Constr. Co. v Port of N. Y. Auth., supra).* Accordingly, the defendants' motion for partial summary judgment dismissing the third cause of action in the complaint was properly denied.

The defendants concede that the issue of whether they were shielded from liability for delay damages by the exculpatory provisions in the contract with the plaintiff was not raised before the court of first instance and is thus not properly before this court on appeal *(see, Lavine v Lavine,* 127 AD2d 566; *Risucci v Homayoon,* 122 AD2d 260). Lawrence, J. P., Eiber, Spatt and Sullivan, JJ., concur.