PER CURIAM.
A dispute arose between Joe McCall, a professional football player, and his agent, Jeff Allen, concerning the compensation to which Allen was entitled for his services in negotiating McCall’s contract with his team. McCall invoked the arbitration provisions of the National Football League Players Association Regulations Governing Contract Advisors, and an arbitrator, Kenneth E. Moffett, was assigned to hear the dispute.
The arbitrator entered a default against Allen for his failure to appear at the arbitration hearing scheduled for October 15, 1985, and awarded McCall a sum of money equivalent to the amount that Allen allegedly overcharged. Thereafter, McCall sued in circuit court to confirm the arbitration award. Allen responded by moving to vacate the award, claiming, first, that the only notice of the arbitration hearing that he had received was an October 13, 1985, telephone message from Moffett that the hearing was to take place in Washington, D.C. on October 15, and, second, that this inadequate notice prevented him from both preparing for and attending the hearing. The trial court confirmed the arbitration award, and Allen appeals.
While it is far from clear, it appears that the circuit court’s judgment confirming the award was based on its conclusion that the arbitrator had found that Allen had, despite his allegations to the contrary, received sufficient notice of the October 15 *183 hearing by way of a letter sent in August 1985, that there was evidence to support such a finding, and that the notice issue had been thus resolved against Allen. The record, however, does not reflect that the merits vel non of the lack of notice claim were ever considered by the arbitrator. While McCall suggests that the trial court, having received some testimony on the issue, may itself have determined that Allen received sufficient notice of the arbitration hearing, the only testimony before the trial court supported Allen’s claim that he had not received any notice in August 1985, as no testimony was adduced that the August 1985 notice was actually sent to Allen. Moreover, the issue of whether a party has been sufficiently notified of an arbitration hearing is one which is to be resolved in the arbitration proceeding itself, not in the court. § 682.13, Fla.Stat. (1985) (if arbitration award vacated because of inadequate notice, court may order a rehearing before arbitrator). See also Federated Department Stores, Inc. v. Pavarini Construction Co., 425 So.2d 1212 (Fla. 4th DCA 1983) (if raised as an issue, whether right to arbitration has been waived is to be decided by the arbitrator, not the court); Public Health Trust v. M.R. Harrison Construction Corp., 415 So.2d 756 (Fla.3rd DCA 1982) (whether demand for arbitration was timely made is to be decided by arbitrator, not the court), appeal after remand, 454 So.2d 659 (1984). Accordingly, the judgment under review is reversed and the cause remanded to the trial court with directions to remand the matter to the arbitrator who — if not disqualified as a material witness on the issue of notice — shall determine whether Allen received sufficient notice of the arbitration proceedings. If the arbitrator, Moffett, is disqualified, then, of course, another arbitrator shall make this determination after appropriate hearing.
Reversed and remanded with directions.