# INTERAMERICAN ENGINEERS AND CONSTRUCTORS CORPORATION v AGRO TECH INTERNATIONAL PLAZA, et al.

## Case No. 89-39874 CA 20

Eleventh Judicial Circuit, Dade County

October 6, 1989

### APPEARANCES OF COUNSEL

**Robert A. Hingston,** for plaintiff.

**Osvaldo Soto,** for Agro Tech International Plaza, Ltd.[1]

### OPINION OF THE COURT

FRED MORENO, Circuit Judge.

*ORDER ON ARBITRATION AWARD*

Plaintiff, INTERAMERICAN ENGINEERS AND CONSTRUCTORS CORPORATION filed a motion to confirm an arbitration award against Defendants, AGRO TECH INTERNATIONAL

---

[1] The Court announced the fact that the defendant company had donated $50 to his County Court campaign in 1986 at a fundraising event held at Miami Mayor Xavier's Suarez's home. The Court does not personally know the parties. In any event, counsel *and* the plaintiff personally waived any motion for recusal after conferring with each other. Moreover the Judge's opposition in that 1986 race withdrew and 60% of the contribution was returned by the campaign committee. No contributions by the parties were accepted in the Circuit Court election of 1988.

PLAZA, LTD. and AGRO TECH INTERNATIONAL, INC. and TERRA NOSTRUM, INC., as General Partners of AGRO TECH INTERNATIONAL PLAZA, LTD. in accordance with F. S. § 682.02. The dispute between Plaintiff and Defendant, AGRO TECH INTERNATIONAL PLAZA, LTD., was submitted to the Construction Industry Arbitration Tribunal of the American Arbitration Association on or about April 5, 1988. On April 18, 1989, an ex parte award was entered in favor of Plaintiff by the arbitrator in the principal amount of $41,654.48, plus interest in the amount of $20,801.86, plus costs of $156.40, for a total sum due of $62,612.74. A copy of the award is attached hereto and made a part of this Order.

Plaintiff argues that § 682.12, Florida Statutes, is entitled to confirmation of the arbitration award by this Court. Defendant argues a violation of due process for lack of notice of the arbitration and asks for a hearing before the Court on the merits. Plaintiff responds that the ex parte award states that notice was provided and that the defendants waived the right to a hearing for failure to timely object.

The Court must follow *Allen v McCall,* 521 So.2d 182 (3d DCA 1988), which held that failure of an arbitrator to consider claim of lack of notice precluded confirmation of the award. The Court remands the cause to the arbitrator for such consideration. "Moreover, the issue of whether a party has been sufficiently notified of an arbitration hearing is one which is to be resolved in the arbitration proceeding itself, not in the court. § 682.13" *Supra* at 183.

WHEREFORE, the cause is referred to the arbitration in conformance with this Order.

DONE and ORDERED this 6th day of October, 1989.