OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Plaintiff Triangle Sheet Metal Works, Inc. (Triangle) — a subcontractor on a New York City public works project— commenced this action against defendant James H. Merritt and Co. (Merritt) — the prime contractor by which it had been hired, seeking damages for various delays in the performance of its subcontract. At the close of Triangle’s case, the trial court granted Merritt’s motion to dismiss, concluding that Triangle had failed to make out a prima facie case since it had not offered any evidence that Merritt was responsible for any of the delays in question. On appeal, the Appellate Division affirmed.
 

 This case falls squarely within the general rule that, absent a contractual commitment to the contrary, a prime contractor is not responsible for delays that its subcontractor may incur unless those delays are caused by some agency or circumstance under the prime contractor’s direction or control
 
 (see, Norcross v Wills,
 
 198 NY 336, 341-342;
 
 McGrath v Electrical Constr. Co.,
 
 230 Ore 295, 302-303, 364 P2d 604, 608;
 
 Doyle & Russell v Welch Pile Driving Corp.,
 
 213 Va 698, 700-701, 194 SE2d 719, 721). Contrary to Triangle’s contention, there is simply no basis for concluding that a prime contractor — which often times lacks control over much of the work to be performed at a particular project — has
 
 implicitly
 
 agreed to assume responsibility for all delays that a subcontractor might experience — no matter what their cause
 
 (cf., Grad v Roberts,
 
 
 *803
 
 14 NY2d 70, 75 ["in every contract there is an implied undertaking on the part of each party
 
 that (it) will not
 
 * * *
 
 do anything to prevent the other party from carrying out the agreement on (its) part” (emphasis supplied)]).
 
 If a subcontractor wants a prime contractor to be a guarantor of job performance, it should bargain for the inclusion in its subcontract of a provision to that effect.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed, with costs, in a memorandum.