■ SCHIAVONE CONSTRUCTION CO., INC., and NORTH STAR ELECTRICAL CONTRACTING CORP., a Joint Venture, Appellant, v

TRIBOROUGH BRIDGE & TUNNEL AUTHORITY et al., Respondents. [619 NYS2d 117] —In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Queens County (Dunkin, J.), dated May 7, 1992, as granted that branch of the defendants' motion which was to dismiss the ninth cause of action, and (2) so much of an order of the same court dated November 19, 1992, as, upon reargument, granted those branches of the defendant's motion which were to dismiss the eighth and eleventh causes of action.

Ordered that the order dated May 7, 1992, is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the defendants' motion which was to dismiss the ninth cause of action is denied; and it is further,

Ordered that the order dated November 19, 1992, is modified, on the law, by deleting the provision thereof which, upon reargument, granted that branch of the defendants' motion which was to dismiss the eighth cause of action and substituting therefor a provision adhering to the original determination denying that branch of the motion; as so modified, the order dated November 19, 1992, is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court improperly dismissed the plaintiff contractor's eighth and ninth causes of action asserting "pass through" claims on behalf of its subcontractors. The courts of this State have consistently held that a prime contractor to a construction contract may prosecute a claim against the owner for the benefit of the injured subcontractor (see, American Std. v New York City Tr. Auth., 133 AD2d 595; Lambert Houses Redevelopment Co. v HRH Equity Corp., 117 AD2d 227; Ardsley Constr. Co. v Port of N. Y. Auth., 61 AD2d 953; see also, Degnon Contr. Co. v City of New York, 235 NY 481). Thus, a prime contractor and its subcontractor may agree, either in the subcontract or in a liquidating agreement, that the prime contractor will sue the owner on behalf of the subcontractor and turn over any sums recovered to the subcontractor in satisfaction of the subcontractor's claim (see, Ardsley Constr. Co. v Port of N. Y. Auth., supra, at 954).

Contrary to the defendants' contention, the record does indicate that the prime contractor entered into contractual commitments to be responsible for owner-caused delays that its subcontractor might incur (cf., Triangle Sheet Metal Works

*v Merritt & Co.,* 79 NY2d 801). The subcontract agreement was sufficient to establish a "pass through" claim because it provided that the plaintiff liquidate its liability to the subcontractors in such amounts as may be recovered against the defendants. In addition, the plaintiff entered into separate and nearly identical liquidating agreements with the subcontractors which also acknowledged the plaintiff's liability to the subcontractor for damages occasioned by the owner, and permitted the plaintiff to bring the subcontractor's claims against the defendants *(see, e.g., American Std. v New York City Tr. Auth., supra,* at 596; *Lambert Houses Redevelopment Co. v HRH Equity Corp., supra,* at 231; *Hubbell Elec. v State of New York,* 153 Misc 2d 810).

We also conclude that, under the facts of this case, the assertion of a claim by the subcontractor against the prime contractor is not a condition precedent to the prime contractor's action against the owner based upon a pass through claim *(see, American Std. v New York City Tr. Auth.,* 133 AD2d 595, *supra; Ardsley Constr. Co. v Port of N. Y. Auth.,* 61 AD2d 953, *supra).*

However, the eleventh cause of action was properly dismissed, as recovery under the theory of quantum meruit was precluded by the terms of the parties' contract which specifically governed the matter in dispute *(see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382; *North Star Contr. Corp. v City of New York,* 203 AD2d 214). Pizzuto, J. P., Santucci, Hart and Goldstein, JJ., concur.