[728 NYS2d 25]

Bovis Lend Lease LMB, Inc., Appellant, v GCT Venture, Inc., et al., Respondents, et al., Defendants.

First Department, July 19, 2001

**APPEARANCES OF COUNSEL**

*Edward T. Byrne* of counsel (*Richard P. Dyer* on the brief; *Thelen Reid & Priest, L. L. P.,* and *Murtagh, Cohen & Byrne,* attorneys), for appellant.

*Frederick R. Rohn* of counsel (*Sacks Montgomery, P. C.,* attorney), for respondents.

*Denis B. Frind* of counsel (*Altieri, Kushner, Miuccio & Frind, P. C.,* attorneys), for American Subcontractors Association, Inc., and others, *amici curiae.*

## OPINION OF THE COURT

BUCKLEY, J.

This is an action for delay damages and extras incurred in connection with the restoration and renovation of New York's Grand Central Terminal. Defendant GCT Venture, Inc. (GCT) was the developer of the project under contract with Metropolitan Transportation Authority (MTA) and retained plaintiff Bovis Lend Lease LMB Inc. (LMB) as general contractor.

At issue on this appeal is plaintiff's right to assert claims on behalf of its subcontractors after admitting liability under a Liquidation Agreement. The IAS court granted the GCT and MTA motion to dismiss on the basis that pursuant to the express terms of the subcontracts, plaintiff's subcontractors were precluded from seeking monetary damages against plaintiff for delays caused by the developer or owners, thus precluding plaintiff from entering into the Liquidation Agreement without the consent of GCT or MTA.

Under the General Contract, plaintiff LMB was responsible to GCT and MTA for the performance of its subcontractors although no contractual relationship was created between the developer or owners and the subcontractors. LMB had to submit a list of subcontractors for preapproval to GCT for retail work. GCT was to pay plaintiff on the basis of actual subcontract costs plus other items. LMB was obligated to substantially complete the work no later than December 1997 and to finally complete no later than March 1998. Failure to meet the time deadlines would render LMB liable to the developer and owner for certain costs, lost revenue and other damages. In LMB's contracts with subcontractors, a subcontractor's only recourse with respect to delays was to seek an extension of time for performance; any right to claim money damages for delays was waived.

General contractors on a construction project which have sustained no injury may not bring suit on behalf of a subcontractor for additional costs caused by the owner's delays (*see Triangle Sheet Metal Works v Merritt & Co.,* 79 NY2d 801). Subcontractors, lacking privity of contract, are precluded from bringing suit against the owners directly (*see Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276, 282). A liquidation agreement is designed to overcome these legal impediments and al-

low contractors to bring an action against the owner on behalf of their subcontractors; such agreements have been uniformly upheld in this state (*Barry, Bette & Led Duke v State of New York*, 240 AD2d 54, *lv denied* 92 NY2d 804; *Lambert Houses Redevelopment Co. v HRH Equity Corp.*, 117 AD2d 227).

Liquidation agreements have three basic elements: (1) the imposition of liability upon the general contractor for the subcontractor's increased costs, thereby providing the general contractor with a basis for legal action against the owner; (2) a liquidation of liability in the amount of the general contractor's recovery against the owner; and, (3) a provision that provides for the "pass-through" of that recovery to the subcontractor (*Barry, Bette & Led Duke v State of New York*, *supra*, 240 AD2d at 56). There is no requirement, however, that the liquidation agreement must be part of the original subcontract and the prime contractor may assume such liability by way of a separate liquidation agreement (*Schiavone Constr. Co. v Triborough Bridge & Tunnel Auth.*, 209 AD2d 598).

Plaintiff's complaint alleged in its fourth cause of action that GCT and MTA materially breached the General Contract which, in turn, delayed and impeded the subcontractors' work, causing them to incur additional costs for labor, supervision, materials, equipment and overhead amounting to more than $4 million. LMB alleged that it had entered into a Liquidation Agreement in which it had admitted and acknowledged its liability to the subcontractors for such claims, liquidated the amount of liability and obligated itself to recover such amounts on their behalf in this action. In their motion to dismiss, GCT and MTA asserted that LMB had no contractual liability to its subcontractors due to the no-damage-for-delay clauses set forth in the subcontracts. In opposition to the motion, evidence in admissible form was submitted which would prove, if credited, that an extraordinary number of extensive design changes to the electrical work had been ordered by GCT or MTA which almost doubled the actual value of the electrical subcontract and that despite the tremendous increase in the scope and nature of the work, GCT and MTA refused to allow any change to the schedule of completion to which the electrical subcontractors were required to adhere. Furthermore, a settlement regarding the additional electrical work had allegedly been negotiated amongst the subcontractors, LMB and the owners (confirmed in a letter signed by LMB and the subcontractors) and had provided for payment of more than $4.6 million for delays and extras incurred through mid-1997.

By the beginning of 1998, LMB was advised that subcontractors would seek additional reimbursement for costs incurred due to delays which continued to be caused by change orders occasioned by design changes. Eight months later, LMB was notified by one of the subcontractors that

> "[t]he extent of the increase in scope and changes is so great as to constitute a cardinal change and an abandonment of the original contract and to entitle Comstock to recover all the costs expended and incurred in connection with the performance of the work."

Plaintiff's contracts with its subcontractors did indeed provide that plaintiff would not be liable for any additional costs incurred as a result of delays caused by GCT. Such a clause was consistent with the general rule that, absent a contractual commitment to the contrary, a prime contractor is not responsible for delays that its subcontractors incur unless those delays are caused by some agency or circumstances under the prime contractor's direct control. Here, however, LMB apparently assumed liability in an agreement subsequent to the original general contract and subcontracts. There is no apparent reason why LMB could not have assumed liability in that manner except defendants' asserted right of pre-approval. While the developer and owner had a right of pre-approval as to any specific subcontractor who would perform retail work, there was no generic right to pre-approve contracts between LMB and its subcontractors, much less a specific right to pre-approve any liquidation agreement. There is no authority cited or found for requiring plaintiff to have obtained permission from the developer or owner as a condition precedent to entering into the Liquidation Agreement. The no-damage-for-delay clause did not prevent plaintiff from subsequently entering into the Liquidation Agreement (*Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d 297; *Degnon Constr. Co. v City of New York*, 235 NY 481; *Ardsley Contr. Co. v Port of N. Y. Auth.*, 61 AD2d 953). Since the elements for a liquidation agreement appear to have been met from the allegations made by plaintiff, defendants' motion should have been denied.

Accordingly, the order of the Supreme Court, New York County (Charles Ramos, J.), entered January 10, 2001, which granted the motion of defendants GCT Venture and Metropolitan Transportation Authority to dismiss the fourth cause of action, should be reversed, on the law, without costs, the motion denied and the fourth cause of action reinstated.

Motion seeking leave to file *amici curiae* brief granted.

ANDRIAS, J. P., LERNER, RUBIN and MARLOW, JJ., concur.

Order, Supreme Court, New York County, entered January 10, 2001, reversed, on the law, without costs, defendants-respondents' motion to dismiss the fourth cause of action denied and said cause of action reinstated. Motion seeking leave to file *amici curiae* brief granted.