I.T.R.I. MASONRY CORP., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 106692.) [801 NYS2d 396]—

In a claim, inter alia, to recover damages for breach of contract, the claimant appeals from an order of the Court of

Claims (Collins, J.), entered September 23, 2004, which granted the defendant's motion for summary judgment dismissing the claim.

Ordered that the order is affirmed, with costs.

The general contractor never entered into a "liquidating agreement" with the claimant which would have authorized the general contractor to bring a "pass-through" action against the State of New York (*Barry, Bette & Led Duke v State of New York*, 240 AD2d 54, 56 [1998]; *see* Postner & Rubin, New York Construction Law Manual § 3:23; *cf. Bovis Lend Lease LMB v GCT Venture*, 285 AD2d 68, 69-70 [2001]; *Schiavone Constr. Co. v Triborough Bridge & Tunnel Auth.*, 209 AD2d 598, 599 [1994]; *Lambert Houses Redevelopment Co. v HRH Equity Corp.*, 117 AD2d 227, 230-231 [1986]; *Ardsley Constr. Co. v Port of N.Y. Auth.*, 61 AD2d 953 [1978]). Therefore, the general contractor had no "right" to sue the State based on the damages allegedly sustained by the claimant and, accordingly, could not assign back this "right" to the claimant (*Barry, Bette & Led Duke v State of New York, supra* at 56-57; *cf. Bovis Lend Lease LMB v GCT Venture, supra; Schiavone Constr. Co. v Triborough Bridge & Tunnel Auth., supra*). The claim alleging breach of contract asserted directly against the State is barred due to the absence of privity of contract (*see Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276, 282 [1978]; *Bovis Lend Lease LMB v GCT Venture, supra* at 69; *Barry, Bette & Led Duke v State of New York, supra*). The terms of the release dated April 9, 2002, issued to the State by the general contractor reflect no agreement by the State to waive its defense of privity to any claim against it that might be brought by the claimant.

Accordingly, the Court of Claims properly granted summary judgment dismissing the claim. Adams, J.P., Crane, Goldstein and Skelos, JJ., concur.