FRANCO BELLI PLUMBING & HEATING & SONS, INC., Appellant-Respondent v CITNALTA CONSTRUCTION CORP. et al., Respondents-Appellants, et al., Defendant. [5 NYS3d 409]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered March 6, 2014, which denied defendants Citnalta Construction Corp. and Travelers Casualty and Surety Company of America's motion for summary judgment dismissing the claim for acceleration costs, and denied plaintiff's cross motion for partial summary judgment against Travelers, unanimously affirmed, with costs.

Citnalta, the New York City School Construction Authority's (SCA) general contractor for a school construction project, hired plaintiff as its plumbing subcontractor. Travelers Casualty,

Citnalta's surety, pursuant to a bond, guaranteed payment for labor and materials. Plaintiff has sued Citnalta for breach of contract; it has also sued Travelers on the bond.

Pursuant to paragraph 8.2 of its May 2007 subcontract with Citnalta, plaintiff waived all "rights to additional payment and time extensions beyond the subcontract amount, except to the extent that [Citnalta] may receive additional funds or extensions of time on Subcontractor's behalf for Change Orders as extra work from the Owner." Schedule A to the subcontract, however, provides that "the duration allowed for this project is extremely aggressive and time sensitive . . . as necessary to achieve SUBSTANTIAL COMPLETION" by July 25, 2008. According to plaintiff's letter proposal, which is incorporated by reference in the subcontract, overtime and allowances are exclusions to the subcontract.

Paragraph 21 of the subcontract characterizes amounts over and above the contract price as "extras," stating that the subcontract amount "represents the full consideration to be paid for the said work and in no event shall there be any claims for 'extras' against [Citnalta] unless [Citnalta] agrees in writing to pay an extra amount." Consequently, the contract price Citnalta and plaintiff agreed to in the subcontract reflects payment for all the work necessary to meet the completion deadline set by the owner of the project.

In June 2007, the SCA directed Citnalta to accelerate the foundation work, which had become delayed due to large rocks and boulders that were discovered in the area being excavated, but not depicted on the project drawings. This directive was conveyed to the subcontractors, including plaintiff. In response to SCA's request for a proposal for the costs associated with this acceleration, Citnalta submitted a proposed change work order to SCA in July 2007 that included plaintiff's anticipated costs. During the project, SCA issued other acceleration orders and Citnalta provided SCA with proposals for estimated acceleration costs that included plaintiff's proposals for such extra work. Payments were made by SCA for a portion of plaintiff's proposals for extra work. Plaintiff seeks payment for extra work not paid for by SCA.

In an email exchange with Citnalta's project manager dated October 29, 2007, plaintiff's vice president stated that plaintiff is "beginning to work 2 hours over-time everyday to further accelerate the schedule. Franco Belli told me that last week you [Citnalta's project manager] stated that Citnalta would pay for these additional premium hours. Please confirm." Citnalta's project manager responded by email, "Yes."

"[A]bsent a contractual commitment to the contrary, a prime contractor is not responsible for delays that its subcontractors incur[,] unless those delays are caused by some agency or circumstances under the prime contractor's direct control" (*Bovis Lend Lease LMB v GCT Venture*, 285 AD2d 68, 71 [1st Dept 2001]). Plaintiff relies on the October 29, 2007 email exchange to support its claim that Citnalta made a separate contractual commitment to pay for all of its overtime costs on the project and seeks partial summary judgment on the issue of liability. Citnalta does not deny the email exchange, but claims that its agreement to pay overtime was limited to particular work which was defined in subsequent work orders, all of which have been paid. Citnalta seeks summary judgment dismissing the complaint.

It is unclear from the October 29, 2007 email exchange whether Citnalta's approval of overtime and an additional foreman was, as it claims, limited to the work necessary to address the delays in the underground portion of the project up to that point or, as plaintiff claims, an ongoing, nondurational authorization for all overtime costs on the project, with a concomitant promise to pay for them. Although Citnalta acknowledges that plaintiff worked overtime throughout the duration of the project, Citnalta argues that plaintiff did not have written authorization pursuant to paragraph 21 of the subcontract to be paid additional monies, despite the increased cost. There are a number of written additional work authorizations signed by Citnalta's project manager approving payment for plaintiff's overtime; some of these written authorizations are proximately close in time to the October 29, 2007 email exchange.

The parties' dispute about the nature and scope of the agreement made pursuant to the October 29, 2007 email exchange cannot be resolved by motion and the motion court correctly denied summary judgment to both Citnalta and plaintiff.

The motion court decided that paragraph 8.2 of the subcontract constitutes an unenforceable pay-when-paid provision (*see West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co.*, 87 NY2d 148, 158 [1995]). This paragraph, along with paragraphs 8 and 8.1, merely establish an orderly procedure whereby Citnalta, the general contractor, can submit claims for increased costs, including those made on plaintiff's behalf, to SCA, when appropriate. We find they have no application to plaintiff's claim, which is against Citnalta, not SCA, and we, therefore, do not reach the issue of whether they are otherwise unenforceable.

Plaintiff's motion for summary judgment on its claim against Travelers was also properly denied because there are disputed

issues on both liability and damages between Citnalta and plaintiff.

Arguments by the parties about whether plaintiff is seeking delay or acceleration damages are without merit; regardless of the nomenclature used, plaintiff's claim is for its increased costs (*see Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d 297, 313-314 [1986]). Concur—Tom, J.P., Friedman, Andrias, DeGrasse and Gische, JJ.