Core Dev. Group, LLC v Jackson (2018 NY Slip Op 07360)





Core Dev. Group, LLC v Jackson


2018 NY Slip Op 07360


Decided on November 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 1, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Gische, Tom, JJ.


7542 650577/16

[*1]Core Development Group, LLC, Plaintiff, Royal Renovation Corp., Plaintiff-Appellant,
v
Alexandra Jackson, Defendant-Respondent.


Tarter Krinsky & Drogin LLP, New York (Christopher Tumulty of counsel), for appellant.
Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Stephen H. Orel of counsel), for respondent.



Order, Supreme Court, New York County (David B. Cohen, J.), entered July 11, 2017, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
Core Development Group, LLC (Core), a builder and developer, sued defendant based upon an alleged breach of a contract to renovate her apartment. When it was discovered that Core did not have proper licensure to bring the action, it amended its complaint to add Royal Renovation Corp (Royal), a licensed home improvement contractor, as a named plaintiff. The amended complaint alleged that defendant entered into a contract with both Core and Royal, even though the original complaint made no mention of Royal.
Dismissal of the amended complaint was warranted as the documentary evidence submitted by defendant contradicted Royal's claim that it had a contractual relationship with defendant (Jericho Group, Ltd. v Midtown Dev., L.P., 32 AD3d 294, 298 [1st Dept 2006], lv dismissed 11 NY3d 801 [2008]; see Bovis Lend Lease LMB Inc v GCT Venture, 285 AD2d 68, 69 [1st Dept 2001]). Negotiation e-mails regarding the price and scope of the renovation project were solely between defendant's architect and Core's president and CEO. The fact that Royal was copied on those emails is of no moment. Invoices were issued by Core, on its letterhead, and all payments were made payable to Core. Finally, when the dispute arose over final payment, Core was the only entity that filed notices of mechanic's liens against defendant.
Royal's quasi contractual claims were also properly dismissed, as the facts do not support an inference that Royal had a reasonable expectation of compensation from defendant
(Sears Ready Mix, Ltd. v Lighthouse Mar., Inc., 127 AD3d 845, 846 [2d Dept 2015]).
We have considered Royal's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 1, 2018
CLERK