A. Servidone, Inc./B. Anthony Constr. Corp., J.V. v State of New York (2019 NY Slip Op 00082)





A. Servidone, Inc./B. Anthony Constr. Corp., J.V. v State of New York


2019 NY Slip Op 00082


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-05238

[*1]A. Servidone, Inc./B. Anthony Construction Corp., J.., appellant, 
v
State of New York, respondent. (Claim No. 124043)


McNamee Lochner Titus & Williams, P.C., Clifton Park, NY (Laurence I. Fox of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Andrew W. Amend and Mark H. Shawhan of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for breach of contract, the claimant appeals from an order of the Court of Claims (Stephen J. Mignano, J.), dated November 6, 2015. The order granted the defendant's motion for summary judgment dismissing the claim and denied the claimant's cross motion for summary judgment on the claim.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendant's motion for summary judgment dismissing the claim, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, with costs to the claimant.
The claimant was the general contractor on a New York State Department of Transportation (hereinafter the DOT) project to reconstruct and replace bridges on Route 59. The claimant subcontracted the demolition and disposal portion of the work to L.M. Sessler Excavating & Wrecking, Inc. (hereinafter the subcontractor). During the first construction season, pursuant to the terms of the general contract, the subcontractor disposed of demolition debris at a permitted solid waste management facility, which paid the subcontractor for the recycled value of the material. During the second construction season, however, the Rockland County Solid Waste Management Authority (hereinafter RCSWMA) began enforcing the County Flow Control Law (Local Law No. 2-2008 of the County of Rockland; hereinafter Flow Control Law), which regulates the disposal of solid waste, against the project, notifying the subcontractor that it would be required to dispose of the material at a Rockland County facility and pay Rockland County a fee for the disposal. The claimant sought additional compensation from the DOT on behalf of the subcontractor, arguing that Rockland County's enforcement of the Flow Control Law constituted a "significant change in the character of work," entitling the claimant to additional compensation under the general contract.
After the DOT failed to pay additional compensation, the claimant and the subcontractor entered into a liquidating agreement, whereby the claimant acknowledged liability to the subcontractor for the cost of compliance with the Flow Control Law, and the subcontractor agreed to accept the sum, if any, the claimant recovered from the DOT in full satisfaction of its claim. The claimant then commenced this claim, alleging that the State breached the general [*2]contract by failing to compensate the claimant for the costs of compliance with the Flow Control Law. The State moved for summary judgment dismissing the claim, and the claimant cross-moved for summary judgment on the claim. The Court of Claims granted the State's motion and denied the cross motion. The claimant appeals.
Preliminarily, we disagree with the determination of the Court of Claims that the claim failed to state a cause of action to recover damages for breach of contract because it failed to specify the contractual provision allegedly breached. In determining whether a pleading states a cause of action, "a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (Leon v Martinez, 84 NY2d 83, 88; see Tirpack v 125 N. 10, LLC, 130 AD3d 917, 918-919). Here, the claimant's submissions in opposition to the State's motion clearly identified the contractual provision allegedly breached, curing any defect in the claim (cf. Barker v Time Warner Cable, Inc., 83 AD3d 750, 751-752).
Contrary to the further determination of the Court of Claims, the claim is not barred by the terms of the subcontract, as the claimant assumed liability in the liquidating agreement for the subcontractor's costs of compliance (see Bovis Lend Lease LMB v GCT Venture, 285 AD2d 68, 70). No independent liability of the claimant under the subcontract is required (see id. at 70; see also North Moore St. Devs., LLC v Meltzer/Mandl Architects, P.C., 23 AD3d 27, 34-35).
"[A] contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself. Consequently, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms'" (MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645, quoting Greenfield v Philles Records, 98 NY2d 562, 569). A contract is ambiguous where it is "reasonably susceptible of more than one interpretation" (Chimart Assoc. v Paul, 66 NY2d 570, 573). Where contract language is ambiguous, extrinsic evidence is permitted to determine the parties' intent as to the meaning of that language (see Union Carbide Corp. v Affiliated FM Ins. Co., 16 NY3d 419, 425; Yarom v Poliform S.P.A., 153 AD3d 760, 761).
Here, the contract required the claimant to comply with all applicable laws, with the costs of compliance included in the contract price. However, the contract also contained specific provisions regarding the disposal of waste at permitted facilities, which acknowledged the value of removed waste to the claimant as a commodity that could be sold to permitted facilities for beneficial reuse, recovery, or recycling purposes. The contract provided that nothing therein was intended to prevent the claimant from removing the waste to appropriate facilities for such purposes. Additional disposal site requirements were listed only for Nassau and Suffolk Counties and the Adirondack Park. Contrary to the determination of the Court of Claims, these provisions raised an ambiguity as to whether the claimant would be required to deposit waste in Rockland County inasmuch as no Rockland County waste facilities existed at the time the parties entered into the contract, thereby permitting extrinsic evidence of the parties' intent. The claimant submitted evidence by way of affidavits to the effect that, at the time of the bid, Rockland County had no facility for the recycling of concrete and was not enforcing the Flow Control Law with regard to any DOT projects. The claimant also submitted a letter from the DOT to the RCSWMA that took the position that the project was immune from the Flow Control Law. In addition, a change order issued by the DOT under Highway Law § 38, which provides for the alteration of contracts due to "unforeseen cause[s]," expanded the project site to permit on-site disposal so as to avoid the costs of compliance with the Flow Control Law.
The State failed to controvert this evidence that the means of compliance anticipated at the time of the contract were not the means of compliance that later arose when the Rockland County facility opened, which raised a triable issue of fact regarding the scope of the work and whether this was a "significant change in the character of work" that would entitle the claimant to additional compensation under the contract, precluding an award of summary judgment to either party (see In re GII Indus., Inc., 464 BR 557, 565 [ED NY]; see also Triple Cities Constr. Co. v State of New York, 194 AD2d 1037, 1039).
Accordingly, we agree with the determination of the Court of Claims to deny the claimant's cross motion for summary judgment on the claim, and the court should have denied the defendant's motion for summary judgment dismissing the claim.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court