◼ MARTIN MECHANICAL CORPORATION, Respondent-Appellant, v MARS ASSOCIATES, INC., et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. NEW YORK CITY EDUCATIONAL CONSTRUCTION FUND, Third-Party Defendant-Appellant-Respondent.—

Order, Supreme Court, New York County (Michael J. Dontzin, J.), entered on or about January 19, 1989, which, inter alia, granted leave to amend the third-party complaint and, on reargument, adhered to a prior decision of the court which denied a motion by the third-party defendant to dismiss the complaint, unanimously affirmed, without costs or disbursements.

The appeals from the order of the same court (Dontzin, J.), entered June 7, 1988, are dismissed as academic.

We believe the trial court properly permitted the defendants to interpose and later amend the third-party complaint.

The substance of the proposed third-party complaint relates to claims for indemnity interposed by the third-party plaintiff in a related action, now settled. The third-party defendant had notice of the indemnification claims from the inception of these various actions, and for this reason we reject the contention that these claims are time barred. The fact that these claims were previously dismissed on procedural grounds does not now bar the third-party action, since the procedural irregularities which were the basis for dismissal have now been rectified (see, Mars Assocs. v New York City Educ. Constr. Fund, 126 AD2d 178, lv dismissed 70 NY2d 747).

The terms of the liquidating agreement were not satisfied when the indemnification claims raised in the prior action were dismissed. A fair interpretation of the agreement requires the third-party plaintiffs to take all reasonable steps so that the plaintiff's right to an eventual recovery, if any, from the third-party defendant will be protected. Further, the terms of the subcontract, which on their face preclude recovery for delay, are not substantially different from similar agreements which have not been construed as an absolute bar to recovery (see, Corinno Civetta Constr. Corp. v City of New York, 67 NY2d 297), and whether recovery is in fact barred by this clause raises questions of fact which must be resolved at trial. Concur—Kupferman, J. P., Asch, Ellerin and Smith, JJ.