■ Kuo Feng Corporation, by Its Statutory Agent, Lin Shur-Pu, Respondent, v Edward Ma, Also Known as Edward Yeh-Kuang Ma, et al., Appellants, et al., Defendants. [669 NYS2d 575] —Judgment, Supreme Court, New York County (Stuart Cohen, J.), entered February 20, 1996, which, after a nonjury trial, awarded plaintiff judgment against defendants-appellants in the principal amount of $9,800,000, unanimously affirmed, without costs. Appeal from order, same court (Karla Moskowitz, J.), entered on or about April 20, 1992, which, *inter alia*, denied defendant Wu's motion to dismiss the amended complaint for failure to state a cause of action, unanimously dismissed, without costs, as subsumed within the appeal from the aforesaid judgment.

We find a fair interpretation of the evidence supports the trial court's conclusions, particularly in light of the circumstance that the court's factual findings, crucial to the adjudication of this factually intricate controversy, rested in large measure upon its assessment of the various witnesses' credibility (*see, Thoreson v Penthouse Intl.*, 179 AD2d 29, 31, *affd* 80 NY2d 490). Indeed, upon a review of the record, we agree with the trial court that the proof adduced against appellants made out a clear and convincing case of fraud. While it is true that none of the appellants individually committed all of the acts constituting the fraud, this is not, as appellants contend, an exculpating circumstance. It is well established that liability for fraud may be premised on knowing participation in a

scheme to defraud, even if that participation does not by itself suffice to constitute the fraud (*see, CPC Intl. v McKesson Corp.*, 70 NY2d 268, 286; *Factory Point Natl. Bank v Wooden Indian*, 198 AD2d 563). Here, the proof, even though largely circumstantial (*see, e.g., Republic of Haiti v Duvalier*, 211 AD2d 379, 385; *Altman v Finkel*, 268 App Div 666, 669, *affd* 295 NY 651; *Borden, Inc. v Spoor Behrins Campbell & Young*, 828 F Supp 216, 224-225), demonstrated in compelling fashion that appellants, acting in concert, took advantage of a fiduciary relationship to gull plaintiff into purchasing real property for a staggeringly inflated price. It is clear that but for appellants' active and knowing concealment of the property's fair value, the purchase would never have been made and that as a result of appellants' deception, plaintiff suffered a tremendous financial loss. Thus, in light of the evidence establishing each appellants' culpable participation in a well-orchestrated conspiracy to defraud plaintiff, we see no basis to disturb the appealed judgment.

The objections of appellants Leu and Geneva to the alleged violation of their attorney-client privilege are not preserved (*see, Hayes v Henault*, 131 AD2d 930, 933), and their claims for appellate relief by reason of the alleged ineffectiveness of their trial counsel are misplaced in the context of civil litigation (*see, Matter of Allen v Board of Regents*, 140 AD2d 824, 825-826).

We have considered appellants' remaining arguments and find them to be without merit. Concur—Nardelli, J. P., Mazzarelli, Andrias and Saxe, JJ.