■ ANTHONY DANNA et al., Respondents, v MALCO REALTY, INC., et al., Defendants, and MICHAEL GRAE, Appellant. [857 NYS2d 688]—

In an action to recover damages for fraud, the defendant Michael Grae appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated May 1, 2007, as denied his motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him, and (2) from an order of the same court dated September 21, 2007, which denied his motion for leave to reargue the prior motion.

Ordered that the appeal from the order dated September 21, 2007 is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated May 1, 2007 is affirmed insofar as appealed from, and it is further,

Ordered that one bill of costs is awarded to the respondents.

In considering a motion to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the pleaded facts, and any submissions in opposition to the motion, are accepted as true and given every favorable inference (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.,* 98 NY2d 144, 151-152 [2002]; *Gershon v Goldberg,* 30 AD3d 372, 373 [2006]). The court must determine whether factual allegations are discerned from the pleadings' four corners which, taken together, manifest any cause of action cognizable at law (*see 511*

*W. 232nd Owners Corp. v Jennifer Realty Co.,* 98 NY2d at 151-152).

Liability for fraud may be premised on knowing participation in a scheme to defraud, even if that participation does not by itself suffice to constitute the fraud (*see CPC Intl. v McKesson Corp.,* 70 NY2d 268, 286 [1987]). Here, contrary to the appellant's contentions, the plaintiffs adequately allege that the appellant, acting in concert with other defendants, took advantage of a fiduciary relationship to get the plaintiffs to purchase real property for an inflated price (*see Kuo Feng Corp. v Ma,* 248 AD2d 168, 169 [1998]). Accordingly, a valid cause of action alleging common-law fraud is stated against the appellant and the Supreme Court properly denied the appellant's motion to dismiss the complaint insofar as asserted against him (*see CPC Intl. v McKesson Corp.,* 70 NY2d 268, 285 [1987]). Mastro, J.P., Ritter, Carni and Eng, JJ., concur. [*See* 2007 NY Slip Op 31026(U).]