■ ALEXANDER KOMOLOV et al., Appellants-Respondents, v DAVID SEGAL et al., Respondents-Appellants. [947 NYS2d 14]—

Appeals from order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered November 7, 2011, and amended order, same court and Justice, entered December 19, 2011, insofar as said orders granted defendants' motion to dismiss the complaint, deemed an appeal from judgment, same court and Justice, entered December 29, 2011, and so considered, said judgment unanimously reversed, on the law, without costs, the judgment vacated and causes of action one through fifteen reinstated. The foregoing orders, insofar as they denied, sub silentio, defendants' request for sanctions, unanimously affirmed, without costs. Defendants' appeal from the judgment unanimously dismissed, without costs.

Dismissal of this action on grounds of res judicata and collateral estoppel, with the informal directive that plaintiffs seek relief to amend their pleadings by motion to renew before the court that presided over a prior action commenced by plaintiffs, was error. The dismissal of the prior action should have been without prejudice since the claims in that action were dismissed for pleading deficiencies and not on the merits (*see Avins v Federation Empl. & Guidance Serv., Inc.*, 67 AD3d 505 [2009]). While judicial economy and the discouragement of forum shopping would otherwise warrant dismissal of this action, since the prior action was dismissed with no indication that the dismissal was without prejudice or not on the merits, this action is not barred by res judicata or collateral estoppel (*id.*). Collateral estoppel does, however, bar plaintiffs' sixteenth cause of action alleging breach of contract in connection with the sale of a condominium since that claim was dismissed in the prior action for non-compliance with the statute of frauds.

The three-year statute of limitations applicable to the conver-

sion claims (see CPLR 214 [3]), was tolled when plaintiffs timely commenced this action within six months of the termination of the prior action (see CPLR 205 [a]).

Defendants have not shown that the two actions commenced by plaintiffs are frivolous, or were brought solely to harass. Thus, there is no basis for us to find that the motion court's denial of defendants' request for sanctions constituted an improvident exercise of discretion (see 22 NYCRR 130-1.1 [c] [1], [2]; Levy v Carol Mgt. Corp., 260 AD2d 27, 33-34 [1999]). Further, there is no evidence that plaintiffs engaged in a history of vexatious, frivolous litigation that warrants enjoining them from commencing further litigation on the instant claims without prior court approval (see Matter of Sud v Sud, 227 AD2d 319 [1996]). Defendants' appeal from the judgment is dismissed, as defendants are not aggrieved thereby (CPLR 5511). Concur—Tom, J.P., Mazzarelli, Moskowitz, Renwick and Abdus-Salaam, JJ.