■ MICHELINE CADET-DUVAL, Appellant, v GURSIM HOLDING, INC., et al., Respondents, et al., Defendants. [45 NYS3d 585]—

In an action, inter alia, to recover damages for fraud, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Diamond, J.), entered April 28, 2015, as granted that branch of the motion of the defendants Gursim Holding, Inc., Manjeet Bawa, and Sonia Bawa which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them for failure to state a cause of action, and thereupon, and upon the granting of that branch of the motion of those defendants which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against the defendants Manjeet Bawa and Sonia Bawa for lack of personal jurisdiction, directed that the complaint be dismissed with prejudice.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendants Gursim Holding, Inc., Manjeet Bawa, and Sonia Bawa which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the defendants Manjeet Bawa and Sonia Bawa, and substituting therefor a provision denying that branch of the motion as academic, and (2) by deleting from the penultimate sentence thereof the words "with prejudice"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action, inter alia, to recover damages for fraud against several parties, including the defendant Gursim Holding, Inc. (hereinafter Gursim), and Gursim's principals, the defendants Manjeet Bawa and Sonia Bawa (hereinafter together the Bawas). Gursim and the Bawas subsequently moved pursuant to CPLR 3211 (a) (8) to dismiss

the complaint insofar as asserted against the Bawas for lack of personal jurisdiction, and pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against each of them for failure to state a cause of action. Since the plaintiff admitted in opposition to the motion that she had failed to effect personal service upon the Bawas, the Supreme Court granted that branch of the motion which was to dismiss the complaint insofar as asserted against the Bawas for lack of personal jurisdiction. Under these circumstances, the court should have denied, as academic, that branch of the motion which was to dismiss the complaint insofar as asserted against the Bawas for failure to state a cause of action.

" 'On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party must be given the benefit of all favorable inferences' " (*Hampshire Props. v BTA Bldg. & Developing, Inc.*, 122 AD3d 573, 573 [2014], quoting *Carillo v Stony Brook Univ.*, 119 AD3d 508, 509 [2014]). " 'In assessing a motion under CPLR 3211 (a) (7) . . . a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint' " (*Hampshire Props. v BTA Bldg. & Developing, Inc.*, 122 AD3d at 573, quoting *Leon v Martinez*, 84 NY2d 83, 88 [1994]).

"The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (*Introna v Huntington Learning Ctrs., Inc.*, 78 AD3d 896, 898 [2010]; *see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]). "Each of the foregoing elements must be supported by factual allegations containing the details constituting the wrong sufficient to satisfy CPLR 3016 (b)" (*Stortini v Pollis*, 138 AD3d 977, 978 [2016]; *see JP Morgan Chase Bank, N.A. v Hall*, 122 AD3d 576, 579 [2014]). Here, the Supreme Court properly determined that the complaint, as supplemented by the plaintiff's affidavit, did not contain any allegations setting forth a material misrepresentation of an existing fact made by Gursim, the seller of real property, to the plaintiff, the purchaser of the real property. Contrary to the plaintiff's contentions, her allegations were not sufficient to allege liability for fraud premised on knowing participation in a scheme to defraud, since there were no allegations that Gursim acted in concert with any defendant who had a fiduciary relationship with the plaintiff, or that Gursim took advantage

of a fiduciary relationship to induce the plaintiff to purchase the property for an inflated price (*cf. Danna v Malco Realty, Inc.*, 51 AD3d 621, 622 [2008]; *Kuo Feng Corp. v Ma*, 248 AD2d 168, 169 [1998]). Accordingly, the court properly granted that branch of the motion of the Bawas and Gursim which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against Gursim.

However, the Supreme Court erred in directing the dismissal of the complaint insofar as asserted against Gursim and the Bawas with prejudice. Dismissals for pleading deficiencies or for failure to timely serve process are not on the merits and are without prejudice (*see Komolov v Segal*, 96 AD3d 513 [2012]; *Avins v Federation Empl. & Guidance Serv., Inc.*, 67 AD3d 505 [2009]; CPLR 306 [b]). Balkin, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.