Rad & D'Aprile, Inc. v Arnell Constr. Corp. (2018 NY Slip Op 02156)





Rad & D'Aprile, Inc. v Arnell Constr. Corp.


2018 NY Slip Op 02156


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2015-05661
 (Index No. 502464/14)

[*1]Rad and D'Aprile, Inc., etc., respondent, 
v
Arnell Construction Corp., appellant.


Tarter, Krinsky & Drogin, LLP, New York, NY (Tara D. McDevitt of counsel), for appellant.
Duane Morris, LLP, New York, NY (John S. Wojak, Jr., of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Carolyn E. Demarest, J.), dated June 5, 2015, as denied that branch of its motion which was pursuant to CPLR 3211(a)(7) to dismiss the second cause of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In June 2001, the New York City Department of Sanitation entered into a contract with the defendant whereby the defendant would serve as the general contractor on a project to construct two new sanitation garages in Brooklyn. Their contract (hereinafter the prime contract) required that any claims against the City arising out of the prime contract be brought within six months of the City's issuance of the certificate of substantial completion for the project. In August 2001, the defendant subcontracted with the plaintiff to perform certain masonry work on the project. In August 2010, the defendant filed a notice of claim with the City seeking, inter alia, damages in its own right and on behalf of the plaintiff for additional costs they had incurred due to various delays and other impediments to their work allegedly caused by the City. In September 2010, the defendant commenced an action against the City (hereinafter the underlying action) seeking, inter alia, the same relief. The Supreme Court dismissed the complaint on the ground that it was untimely under the six-month limitations period provided for in the prime contract, finding that the City had notified the defendant in December 2007 that the project was substantially complete. Subsequently, the plaintiff commenced the instant action against the defendant. In the second cause of action of its complaint, the plaintiff alleged that the defendant had a duty to make a good-faith, diligent effort to prosecute the claim it asserted against the City on the plaintiff's behalf and that it breached that duty by failing to commence the underlying action within the applicable time period. The defendant moved, inter alia, pursuant to CPLR 3211 to dismiss the complaint. The court denied that branch of the defendant's motion which was to dismiss the second cause of action pursuant to CPLR 3211(a)(7), finding that the plaintiff alleged facts sufficient to establish that the defendant had a duty of good faith and fair dealing under a liquidating agreement the parties had entered into independent of the subcontract and that it breached that duty by failing to commence the underlying action before the applicable limitations period expired. The defendant appeals.
On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), the complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party granted the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88; Nestor v Putney Twombly Hall & Hirson, LLP, 153 AD3d 840, 841). In assessing a motion under CPLR 3211(a)(7), a court may freely consider affidavits and other evidence submitted by the plaintiff to remedy any defects in the complaint (see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591; Leon v Martinez, 84 NY2d at 88; Cadet-Duval v Gursim Holding, Inc., 147 AD3d 718, 719). Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
An enforceable liquidating agreement requires "(1) the imposition of liability upon the general contractor for the subcontractor's increased costs, thereby providing the general contractor with a basis for legal action against the owner; (2) a liquidation of liability in the amount of the general contractor's recovery against the owner; and, (3) a provision that provides for the pass-through' of that recovery to the subcontractor" (Bovis Lend Lease LMB v GCT Venture, 285 AD2d 68, 70; see Barry, Bette & Led Duke v State of New York, 240 AD2d 54, 56). Like every contract, the contractual covenant of good faith and fair dealing is implied in a liquidating agreement (see Martin Mech. Corp. v Mars Assoc., 158 AD2d 280, 281). The covenant of good faith and fair dealing in this context requires the general contractor to "take all reasonable steps so that the [subcontractor's] right to an eventual recovery, if any, from the [owner] will be protected" (id., at 281; see T.G.I. East Coast Constr. Corp. v Fireman's Fund Ins. Co., 534 F Supp 780, 782 [SD NY]).
There is no merit to the defendant's contention that the Supreme Court erred in considering the affidavit and other evidence the plaintiff submitted in opposition to the motion to dismiss (see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d at 591; Leon v Martinez, 84 NY2d at 88; Cadet-Duval v Gursim Holding, Inc., 147 AD3d at 719).
Moreover, giving the plaintiff the benefit of every favorable inference, the complaint's allegations, together with the additional evidence the plaintiff submitted in opposition to the motion to dismiss, were sufficient to show that the parties entered into a liquidating agreement independent of the subcontract on which the plaintiff could premise its cause of action for breach of the duty of good faith and fair dealing. Specifically, the complaint indicates that the defendant had agreed to prosecute the plaintiff's claim against the City on the plaintiff's behalf, pass through any recovery it obtained, and assume liability for the plaintiff's damages occasioned by the City's delays to the extent of $100,000 plus any recovery it obtained above that amount. Contrary to the defendant's contention, it was sufficient that the defendant's assumption of liability for the plaintiff's damages was clearly implicit in the express terms of their alleged agreement (see American Std. v New York City Tr. Auth., 133 AD2d 595, 596; J.L. Simmons Co. v U.S., 304 F2d 886, 890 [Ct Cl]).
Further, the complaint's allegations and the evidence the plaintiff submitted in opposition to the motion to dismiss stated a cause of action alleging that the defendant breached its implied duty of good faith and fair dealing under the liquidating agreement by failing to commence the underlying action within the time period provided for in the prime contract notwithstanding its notice of the substantial completion date for the project (see Martin Mech. Corp. v Mars Assoc., 158 AD2d at 281; T.G.I. East Coast Constr. Corp. v Fireman's Fund Ins. Co., 534 F Supp at 782). The defendant failed to show that these alleged facts were not facts at all or that no significant dispute regarding them existed (see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the second cause of action (see Guggenheimer v Ginzburg, 43 NY2d at 275).
DILLON, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court