Bashian & Farber, LLP v Syms (2019 NY Slip Op 04348)





Bashian & Farber, LLP v Syms


2019 NY Slip Op 04348


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-03183
 (Index No. 60595/14)

[*1]Bashian & Farber, LLP, et al., respondents,
v
Richard Syms, et al., appellants, et al., defendants.


Michael S. Haber, New York, NY, for appellants.
Bashian & Farber, LLP, White Plains, NY (Andrew Frisenda of counsel), respondent pro se and for respondent Gary E. Bashian, P.C.



DECISION & ORDER
In an action, inter alia, to recover on an account stated, the defendants Richard Syms, Richard Syms as trustee of the Syms Family Revocable Trust dated March 11, 2014, Ineva Syms, Ineva Syms as trustee of the Syms Family Revocable Trust dated March 11, 2014, and the Syms Family Revocable Trust dated March 11, 2014, appeal from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated January 3, 2018. The order denied those defendants' motion for summary judgment dismissing the third and fourth causes of action insofar as asserted against Richard Syms as trustee of the Syms Family Revocable Trust dated March 11, 2014, Ineva Syms, Ineva Syms as trustee of the Syms Family Revocable Trust dated March 11, 2014, and the Syms Family Revocable Trust dated March 11, 2014, and the fifth cause of action insofar as asserted against Ineva Syms.
ORDERED that the order is affirmed, with costs.
The plaintiffs are the former attorneys of the defendant Richard Syms (hereinafter Richard), who, beginning in 2010, represented Richard in a sharply contested probate proceeding. The plaintiffs allege that in mid-2012, Richard stopped paying the plaintiffs' bills for legal fees. Richard allegedly told the plaintiffs that he would sell certain real property owned by him to pay his outstanding legal fees. According to the plaintiffs, instead of selling the property and paying his legal fees as promised, in August and December 2011, Richard and his wife, the defendant Ineva Syms (hereinafter Ineva), transferred to Ineva solely, for nominal or no consideration, three jointly owned unimproved properties located at 113 Depot Hill Road, Amenia, NY (hereinafter the 113 Depot Hill property); 108 Depot Hill Road, Amenia, NY (hereinafter 108 Depot Hill property); and 221 North Salem Road, Lewisboro, NY (hereinafter the 221 North Salem property). The plaintiffs further allege that on July 22, 2013, Richard and Ineva sold the 221 North Salem property to a third party for more than $1.2 million. At that time, Richard allegedly had outstanding legal fees of approximately $239,142.25, but failed to make any payments.
In October 2013, Richard and Ineva listed for sale a property known as 3313 Route 343, Amenia, NY. In March 2014, Ineva transferred, allegedly for no valuable consideration, the 108 Depot Hill property, a property known as 199 North Salem Road, Lewisboro, NY (hereinafter the 199 North Salem property), and the 113 Depot Hill property from her name into the Syms Family [*2]Revocable Trust dated March 11, 2014 (hereinafter the Trust), for which she and Richard served as trustees. At the time of the second transfer, Richard allegedly owed the plaintiffs $329,068.90 in legal fees, and they had withdrawn as Richard's counsel in the contested probate proceeding. The 199 North Salem property was later transferred from the Trust to Ruth Merns, Richard's mother, for consideration of $1.00.
In July 2014, the plaintiffs commenced this action, inter alia, to recover on an account stated for legal fees and pursuant to Debtor and Creditor Law article 10 against Richard and Ineva, both individually and as trustees of the Trust, and the Trust (hereinafter collectively the defendants). According to the plaintiffs, Richard and Ineva transferred the various properties with the intent and purpose to hinder, delay, and defraud the plaintiffs from collecting the indebtedness owed by Richard, and was part of a common plan, scheme, or conspiracy participated in by them to defraud the plaintiffs. The plaintiffs later amended the complaint to include other defendants alleged to have been involved in the asserted plan. The defendants moved for summary judgment dismissing the third and fourth causes of action, which alleged fraud and fraudulent conveyance, respectively, in the amended complaint insofar as asserted against Ineva, both individually and as trustee, the fifth cause of action, which alleged unjust enrichment, against Ineva individually, and the third and fourth causes of action insofar as asserted against the Trust and Richard, as trustee. The plaintiffs opposed the motion. The Supreme Court denied the motion determining, inter alia, that triable issues of fact existed as to whether the defendants engaged in a fraudulent scheme to defraud creditors. The defendants appeal.
The defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the third and fourth causes of action, which alleged fraud and fraudulent conveyance, respectively, insofar as asserted against Ineva, both individually and as trustee, Richard as trustee, and the Trust. "The elements of a cause of action to recover damages for fraud are (1) a misrepresentation or a material omission of fact which was false, (2) knowledge of its falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages" (Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d 673, 677). "Liability for fraud may be premised on knowing participation in a scheme to defraud, even if that participation does not by itself suffice to constitute the fraud" (Danna v Malco Realty, Inc., 51 AD3d 621, 622). Fraudulent intent, by its very nature, is rarely susceptible to direct proof and must be established by inference from the circumstances
surrounding the allegedly fraudulent act (see Marine Midland Bank v Murkoff, 120 AD2d 122, 128).
Here, Ineva's deposition testimony confirmed that the various properties were transferred out of her and Richard's joint names into her name solely, and later into the Trust, in an effort to shield those properties from potential creditors. Furthermore, by transferring the properties into Ineva's name solely and then into the Trust, for which Richard and Ineva were the trustees, Richard and Ineva retained control over those properties. Retention of control of properties after a conveyance is regarded as an indication that the conveyance was fraudulent (see id. at 128). In addition, Richard and Ineva sold the 221 North Salem property in July 2013 for $1,232,000, but failed to pay the outstanding debt owed to the plaintiffs. Thus, a triable issue of fact exists as to whether Ineva, both individually and as trustee, Richard as trustee, and the Trust, acting in concert, participated in a scheme to defraud Richard's creditors.
The defendants also failed to establish their prima facie entitlement to judgment as a matter of law dismissing the fifth cause of action, which alleged unjust enrichment, insofar as asserted against Ineva individually. " The elements of a cause of action to recover for unjust enrichment are (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered'" (Deerin v Ocean Rich Foods, LLC, 158 AD3d 603, 606, quoting Travelsavers Enters. Inc. v Analog Analytics, Inc., 149 AD3d 1003, 1006). Contrary to the defendants' contention, privity is not required for an unjust enrichment cause of action (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182). However, an unjust enrichment cause of action will not be supported if the connection between the parties is too attenuated (see id. at 182). "In order to adequately plead an unjust enrichment claim there must be allegations of a connection between the plaintiff and the defendant that is not too attenuated; that is, the parties must have something akin to specific [*3]knowledge of one another's existence" (Georgia Malone & Co., Inc. v Ralph Rieder, 86 AD3d 406, 412, affd 19 NY3d 511).
Here, the relationship between Richard and Ineva as husband and wife, the admission that Ineva had attended meetings between Richard and the plaintiffs, and her deposition testimony that the various property conveyances were made in order to shield the properties from potential creditors raises a triable issue of fact as to whether there was a relationship or at least an awareness by Ineva of the plaintiffs' existence and the debt owed by Richard to them, as required to support an unjust enrichment cause of action (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d at 182; cf. Sperry v Crompton Corp., 8 NY3d 204; J.P. Plumbing Corp. v Born to Build Constr. Corp., 137 AD3d 976).
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court