Kaplan v Conway & Conway (2019 NY Slip Op 04477)





Kaplan v Conway & Conway


2019 NY Slip Op 04477


Decided on June 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2019

Friedman, J.P., Tom, Kapnick, Kahn, JJ.


158060/17 -2347 9558

[*1] Adam Kaplan, et al., Plaintiffs-Appellants,
v
Conway and Conway, et al., Defendants-Respondents.


Law Office of Daniel L. Abrams, PLLC, New York (Daniel L. Abrams of counsel), for appellants.
Conway & Conway, New York (William W. Bergesch of counsel), for respondents.



Judgment, Supreme Court, New York County (Frank P. Nervo, J.), entered September 17, 2018, dismissing the complaint with prejudice, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered September 6, 2018, which granted defendants' motion to dismiss pursuant to CPLR 3211(a)(7), unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
A claim for legal malpractice requires that a plaintiff allege facts that, if proven at trial, would demonstrate that the attorney "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007] [internal quotation marks and citation omitted]; see Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc., 10 AD3d 267, 271-272 [1st Dept 2004]).
The motion court properly granted defendants' motion to dismiss. The complaint alleged that defendants committed legal malpractice by failing to timely advocate for a "formal closure" of a "sham" internal investigation instigated by plaintiffs' employer, or to secure "more favorable language" in the FINRA U-5 Forms that were filed upon plaintiffs' voluntary resignation. As a result of defendants' alleged negligence, plaintiffs claim that they were subject to a FINRA investigation and "reputational damage." Given the vague, speculative, and conclusory nature of these allegations, plaintiffs failed to allege facts that "fit into any cognizable legal theory" (see Nonnon v City of New York, 9 NY3d 825, 827 [2007], quoting Leon v Martinez, 84 NY2d 83, 87-88 [1994] [internal quotation marks omitted]).
Moreover, emails submitted by defendants show that the law firm did advocate for plaintiffs' employer to include language on the U-5 Forms indicating that any allegations against plaintiffs were unsubstantiated, and plaintiffs' employer refused, calling such language a "non-starter." Defendants also drafted a "Broker Comment," which would have provided plaintiffs' rebuttal to the negative information included on their U-5 Forms, but, according to defendants, plaintiffs would not discuss or approve the comment. It is undisputed that, prior to their voluntary resignation, plaintiffs were on administrative leave and already suffering damages in the form of loss of business and reputational damage. Accordingly, plaintiffs have no cause of action to recover damages for legal malpractice as they cannot demonstrate that defendants were negligent in their representation, or that such negligence proximately caused the alleged damages (see Rudolf v Shayne, supra; Weil v Fashion Boutique, supra).
Contrary to plaintiffs' contention, the motion court properly considered the emails submitted by defendants in dismissing the complaint (Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc., 115 AD3d 128, 135 [1st Dept 2014]). By considering this [*2]evidentiary material, the standard morphed from whether plaintiffs stated a cause of action to whether they had one (id.). Thus, to the extent the motion court decided the
motion on the merits, it properly dismissed the complaint on the merits (cf. Komolov v Segal, 96 AD3d 513 [1st Dept 2012]).
M-2347 - Kaplan v Conway & Conway
Motion to strike reply brief or file
sur-reply denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 6, 2019
CLERK