Philip v G.O.L.A., Inc. (2020 NY Slip Op 06071)





Philip v G.O.L.A., Inc.


2020 NY Slip Op 06071


Decided on October 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 27, 2020

Before: Kapnick, J.P., Webber, González, Shulman, JJ. 


Index No. 650905/16 Appeal No. 12190 Case No. 2019-4902 

[*1]Hillel Philip, Plaintiff-Appellant, Jim Kempner Fine Art, Inc., Plaintiff,
v
G.O.L.A., Inc., Doing Business as Woodward Gallery, et al., Defendants-Respondents.


Solomon Zabrowsky, New York, for appellant.
Roberts & Roberts, New York (Michael Roberts of counsel), for respondents.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered May 13, 2019, which granted defendants' motion for summary judgment dismissing the complaint in which plaintiff sought to recover a $75,000 deposit paid in connection with an offer to purchase a set of Andy Warhol prints, unanimously affirmed, without costs.
Supreme Court correctly construed the term "nonrefundable" by its plain meaning. Where the term in question is capable of being understood by its plain meaning, "there is no need to look further" (Evans v Famous Music Corp., 1 NY3d 452, 458 [2004]).
Plaintiff Hillel Philip (Philip) was not a party to the contract between defendants and the nonappealing plaintiff, Jim Kempner Fine Art, Inc. (Kempner), and he presents no evidence in support of the contention that "nonrefundable" is not a customary term in the art world, or that such term applied only where a buyer seeks to renege on a purchase. Defendant Kristine Woodward testified that after two failed attempts to sell the artwork to Kempner's clients, she required "proof that the buyer is buying," and therefore required that Kempner enter into a contract with the nonrefundable provision. Philip's claim of unjust enrichment also fails as Kempner received the benefit of his bargain. In exchange for the nonrefundable deposit, he locked in the price until the due date (see Matter of Alpert v M.R. Beal & Co.,162 AD3d 491, 492 [1st Dept 2018], lv denied 32 NY 905[2018]).
Defendants' request for sanctions is denied (see Komolov v Segal, 96 AD3d 513, 514 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2020