Matter of District Council 37 v New York City Dept. of Educ. (2022 NY Slip Op 01238)





Matter of District Council 37 v New York City Dept. of Educ.


2022 NY Slip Op 01238


Decided on February 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 24, 2022

Before: Webber, J.P., Kern, Moulton, González, Mendez, JJ. 


Index No. 151022/20 Appeal No. 15388 Case No. 2021-02245 

[*1]In the Matter of District Council 37 et al., Petitioners-Appellants,
v
The New York City Department of Education et al., Respondents-Respondents.


Robin Roach, New York (Dena Klein of counsel), for appellants.
Georgia M. Pestana, Corporation Counsel, New York (D. Alan Rosinus, Jr. of counsel), for respondents.



Judgment (denominated an order), Supreme Court, New York County (Arthur F. Engoron, J.), entered May 18, 2021, denying the petition seeking a declaration that respondent The New York City Department of Education (DOE) had assigned petitioner Irina Chernova to perform the duties set forth in the civil service job specification of a Bookkeeper Level II, an order directing DOE to compensate Chernova for back pay, and a declaration that respondents' failure to render a determination on petitioners' out-of-title complaint and appeal was arbitrary and capricious, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, and the petition granted to the extent of remanding the matter to respondents for a prompt determination of petitioners' out-of-title complaint.
Petitioners assert that they submitted their out-of-title complaint to the director specified in the governing collective bargaining agreement (CBA) for receiving those complaints. According to petitioners, in submitting the complaint, the title used was one that was interchangeable with that person's official title and one that had been used for previous out-of-title complaints, which had been processed. Indeed, petitioners assert respondents had instructed them to submit out-of-title complaints to that specific director. Although this out-of-title complaint was received, respondents did not process it, noting that petitioners had not submitted it to the DOE's Office of Labor Relations and Collective Bargaining (OLR).
Supreme Court erred in dismissing the petition for failure to exhaust administrative remedies. The CBA is a contract and must be enforced according to the plain meaning of its terms (see Matter of Lin v New York City Dept. of Educ., 191 AD3d 431, 432 [1st Dept 2021], lv denied 37 NY3d 913 [2021]). Respondents did not establish that petitioners failed to comply with the filing procedures mandated by the CBA, as the CBA does not provide that petitioners were required to submit the out-of-title complaint to the OLR first. On this record, respondents' failure to issue a determination, based on petitioners' initial failure to submit the complaint to the OLR, was arbitrary and capricious.
Petitioners' notice of claim was not untimely. Because respondents neither expressly nor constructively denied petitioners' request for payment, the three-month period for presenting a notice of claim to a governing body of a school district was never
triggered (see Education Law § 3813; Capstone Enters. of Port Chester, Inc. v Bd. of Educ. of Irvington Union Free Sch. Dist., 106 AD3d 856, 860-861 [2d Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2022