Condor Capital Corp. v CALS Invs., LLC (2023 NY Slip Op 00629)

Condor Capital Corp. v CALS Invs., LLC

2023 NY Slip Op 00629

Decided on February 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 07, 2023

Before: Renwick, J.P., Gesmer, Moulton, Kennedy, Mendez, JJ. 

Index No. 652639/21 Appeal No. 17261 Case No. 2022-01052 

[*1]Condor Capital Corp., Plaintiff-Appellant,
v
CALS Investors, LLC, et al., Defendants-Respondents.

Bell Law Group, PLLC, Syosset (Daniel A. Johnston of counsel), for appellant.
Kane Kessler, P.C., New York (Daniel Gimmel of counsel), for respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about February 8, 2022, which granted defendants' motion to dismiss the complaint as barred by res judicata and awarded sanctions, unanimously reversed, on the law, without costs, the motion denied to the extent it sought dismissal on res judicata grounds, the award of sanctions vacated, and the matter remanded for determination of the motion insofar as it sought dismissal under CPLR 3211(a)(1) and (7).
Defendants did not establish that plaintiff's newly asserted breach of contract claim is barred by the doctrine of res judicata following dismissal of plaintiff's prior action for failure to plead a cause of action (CPLR 3211[a][5]; see Komolov v Segal, 96 AD3d 513, 513 [1st Dept 2012]). In the prior action, the motion court dismissed the complaint in its entirety, but declined to consider theories raised by plaintiff in opposition to defendants' motion to dismiss. Plaintiff's later motion for leave to amend was then denied because the complaint had been dismissed. This Court dismissed as moot plaintiff's appeals from the orders dismissing the complaint and denying leave to replead, in light of the commencement of this action asserting the same proposed claim (see Condor Capital Corp. v Cals Invs., LLC, 202 AD3d 618, 618 [1st Dept 2022]). Accordingly, it is not clear that the dismissal of the prior action was on the merits and with prejudice, and that plaintiff is therefore barred from bringing an action asserting the proposed claim based on alleged violation of other contract provisions.
Defendants argue that even if res judicata does not bar the new breach of contract claim, the complaint fails to state a cause of action for breach of contract. However, the parties have not briefed the issue sufficiently for the Court to consider that argument as an alternate ground for affirmance.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 7, 2023