22-811-cv
Harris v. Am. Accounting Ass'n

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of April, two thousand twenty-three.

PRESENT:
　　　　　DENNIS JACOBS,
　　　　　GERARD E. LYNCH,
　　　　　EUNICE C. LEE,
　　　　　　　*Circuit Judges.*
_____

David Harris,

　　　　　　*Plaintiff-Appellant,*

　　　v.　　　　　　　　　　　　　　　　　22-811

American Accounting Association, Lisa De Simone, Mathew Ege, Bridget

**Stromberg,**

*Defendants-Appellees,*

**Jian Zhou,**

*Defendant.*

_____

| | |
|---|---|
| **For Plaintiff-Appellant:** | DAVID HARRIS, pro se, Manlius, NY. |
| **For Defendant-Appellee American Accounting Association:** | ANDREW S. HOLLAND (Peter A. Lauricella, *on the brief*). Wilson, Elser, Moskowitz, Edelman & Dicker LLP, Albany, NY. |
| **For Defendants-Appellees De Simone, Ege, and Stromberg:** | BENJAMIN D. WILSON, Deputy Solicitor General (H. Melissa Mather, Assistant Attorney General, *on the brief*), for Ken Paxton, Attorney General of the State of Texas, Austin, TX. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **REVERSED** in part.

2

Appellant David Harris, proceeding pro se, sued the American Accounting Association ("AAA") and three individuals for unfair competition under New York common law, alleging that the individual defendants had plagiarized a working paper he had uploaded to the Social Science Research Network ("SSRN") in 2008, and that AAA had published the plagiarizing paper in its academic journal, *The Accounting Review*.[1]  The district court dismissed the amended complaint, reasoning that it lacked personal jurisdiction over the individual defendants and that Harris had failed to state a claim against AAA. It further awarded attorneys' fees and costs to the defendants under New York's anti-SLAPP law.[2]  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo district court orders dismissing a complaint for lack of personal jurisdiction and for failure to state a claim.  *Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 497 (2d Cir. 2020) (personal jurisdiction); *Chambers v. Time*

---

[1] *See generally* Lisa De Simone et al., *Tax Internal Control Quality: The Role of Auditor-Provided Tax Services*, 90 Acct. Rev. 1469 (2015).
[2] SLAPP stands for Strategic Lawsuit Against Public Participation.

*Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (failure to state a claim). We review the denial of reconsideration for abuse of discretion. *Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 29 (2d Cir. 2017).

**I.    Personal Jurisdiction**

Federal Rule of Civil Procedure Rule 12(b)(2) provides that a complaint may be dismissed for lack of personal jurisdiction. In ruling on a motion under Rule 12(b)(2), a district court must "determine whether there is jurisdiction over the defendant under the relevant forum state's laws"—here, New York's. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). The plaintiff bears the burden of demonstrating that jurisdiction exists. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994). Because neither party sought to conduct discovery or requested an evidentiary hearing, and the district court relied on the pleadings and affidavits, Harris was required to make only a prima facie showing of jurisdiction. *See S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010).

Harris did not argue that the individual defendants themselves committed any acts that subjected them to the jurisdiction of courts in New York. Rather,

he asserted that they either conspired with AAA or engaged AAA and non-party SSRN (both of which, it appears to be conceded, are subject to jurisdiction in New York) as their agents to commit a tortious act, bringing them within the ambit of New York's long-arm statute, CPLR § 302(a)(2).

Like the district court, we are unpersuaded. To allege a conspiracy theory of jurisdiction, "the plaintiff must allege that (1) a conspiracy existed; (2) the defendant participated in the conspiracy; and (3) a co-conspirator's overt acts in furtherance of the conspiracy had sufficient contacts with a state to subject that co-conspirator to jurisdiction in that state." *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 87 (2d Cir. 2018). A conclusory assertion of conspiracy is insufficient. *See Lehigh Valley Indus., Inc. v. Birenbaum*, 527 F.2d 87, 93–94 (2d Cir. 1975). Rather, a plaintiff must specifically plead facts that "reveal a unity of purpose or a common design and understanding, or a meeting of minds in an unlawful arrangement." *Gelboim v. Bank of Am. Corp.*, 823 F.3d 759, 781 (2d Cir. 2016) (internal quotation marks omitted).

Harris did not allege concrete facts sufficient to support the conclusion that AAA and the individual defendants conspired to unfairly compete against him.

At most, he alleged that AAA was aware of a plagiarism accusation against the individual defendants because he had emailed his allegations to the editor of *The Accounting Review*, and that AAA went on to publish the individual defendants' paper anyway. Harris argues that alleging a defendant's knowing participation in the action that is the basis for this lawsuit is sufficient to show membership in a conspiracy. But while participation in a conspiracy can create liability for fraud under New York law, *see Kuo Feng Corp. v. Ma*, 248 A.D.2d 168, 168–69 (1st Dep't 1998), Harris has not sufficiently alleged that AAA knowingly participated in a conspiracy *to unfairly compete* against him. The complaint alleges no facts suggesting that AAA published the article pursuant to an agreement with the individual defendants to disadvantage Harris, rather than based on its own independent editorial judgment.

Nor can Harris demonstrate personal jurisdiction through an agency theory. Harris argues that AAA and SSRN were agents of the individual defendants because AAA and SSRN published the individual defendants' paper, but he has failed to plead facts showing the requisite degree of control by the nonresident principals. *See Charles Schwab*, 883 F.3d at 85; *Am./Int'l 1994 Venture*

6

*v. Mau*, 146 A.D.3d 40, 54 (2d Dep't 2016). As the district court ruled, Harris in fact conceded that the individual defendants lacked control over whether AAA and SSRN published their work.

Accordingly, the district court properly determined that it lacked personal jurisdiction over the individual defendants.

**II. Unfair Competition**

The district court properly dismissed Harris's unfair competition claim against AAA. The "essence of unfair competition under New York law is the bad faith misappropriation of the labors and expenditures of another, likely to cause confusion or to deceive purchasers as to the origin of the goods." *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 34 (2d Cir. 1995) (internal quotation marks omitted). Harris has failed to plausibly allege that the version of the paper published by AAA is likely to cause consumer confusion. Although he claims that earlier iterations of the individual defendants' work published to SSRN systematically downplayed Harris's role in developing the theories at issue, the final version of the individual defendants' paper published in *The Accounting Review*—the only iteration published by AAA—demonstrably

7

did no such thing. Crucially, Harris himself concedes that the final version included a "full and honest" citation to his work acknowledging that Harris and his coauthors were "first to examine the association" between the auditor services and accounting deficiencies at the heart of both projects. App'x 137. The amended complaint provides no basis to conclude that such a citation could nonetheless invite the misconception that some other group of authors had actually been "first."

**III. Attorneys' Fees and Costs Under N.Y. Civ. Rights Law §§ 70-a & 76-a**

Harris also challenges the district court's award of attorneys' fees and costs pursuant to New York's anti-SLAPP statute, New York Civil Rights Law ("CRL") § 70-a, as amended in late 2020.

Enacted in 1992, New York's anti-SLAPP statute originally stated that "costs and attorney's fees *may* be recovered upon a demonstration that the action involving public petition and participation was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law." CRL § 70-a(1)(a) (McKinney 1992) (emphasis added). An action involving

8

"public petition and participation" was narrowly defined as one brought "by a public applicant or permittee, and [that] is materially related to any efforts of the defendant to report on, comment on, rule on, challenge or oppose such application or permission." *Id.* § 76-a(1)(a) (McKinney 1992).

In November 2020, two months after Harris commenced this suit, the anti-SLAPP statute was amended to state that "costs and attorney's fees *shall* be recovered" under the specified circumstances, *id.* § 70-a(1)(a) (McKinney 2020) (emphasis added), as well as to expand the definition of public petition and participation to include "any communication in a place open to the public or a public forum in connection with an issue of public interest; or . . . any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest, or in furtherance of the exercise of the constitutional right of petition," *id.* § 76-a(1)(a)(1)–(2) (McKinney 2020).

Among other procedural issues, the parties dispute whether the amendments to New York's anti-SLAPP statute can apply to an action, like Harris's, initiated before they became effective. We need not answer those questions. Even assuming without deciding that the statute applies in a

9

diversity suit in federal court, *cf. La Liberte v. Reid*, 966 F.3d 79, 88 (2d Cir. 2020), and applies to a case, like this one, begun before the statute's effective date but continued after, we conclude that the standard set by the statute for an award of attorneys' fees and costs has not been met. As the parties' significant reliance on federal (including district court) authority reflects, New York's unfair competition law is unclear in several respects. We are therefore not persuaded that Harris's reverse passing off claim, when viewed with the indulgence afforded to pro se litigants, was wholly "without a substantial basis in fact and law" and incapable of being "supported by a substantial argument for extension, modification or reversal of existing law," as the statute requires. *Aristocrat Plastic Surgery, P.C. v. Silva*, 206 A.D.3d 26, 29 (1st Dep't 2022) (quoting CRL § 70-a(1)(a)).[3]

* * *

We have considered Harris's remaining arguments and find them to be

---

[3] It bears emphasizing, however, that we wholeheartedly agree with the district court that Harris's troubling email weaponizing the specter of, among other things, oppressive legal fees and professional consequences in an attempt to bully the individual defendants is an example of the sort of abuse New York's anti-SLAPP statute was designed to prevent.

without merit.  Accordingly, we **AFFIRM** the judgment of the district court in part and **REVERSE** in part.  We **DENY** Harris's motion to certify questions of law to the New York Court of Appeals.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court